| | |
|---|---|
| 1 | EDWARD HAN (SB# 196924) |
| | edwardhan@paulhastings.com |
| 2 | JESSICA E. MENDELSON (SB# 280388) |
| | jessicamendelson@paulhastings.com |
| 3 | PAUL HASTINGS LLP |
| | 1117 S. California Avenue |
| 4 | Palo Alto, California  94304 |
| | Telephone:    (650) 320-1800 |
| 5 | Facsimile:    (650) 320-1900 |
| 6 | JENNIFER BALDOCCHI (SB#168945) |
| | jenniferbaldocchi@paulhastings.com |
| 7 | TIMOTHY D. REYNOLDS (SB# 274589) |
| | timothyreynolds@paulhastings.com |
| 8 | PAUL HASTINGS LLP |
| | 515 South Flower Street, 25th Floor |
| 9 | Los Angeles, California  90071 |
| | Telephone:    (213) 683-6000 |
| 10 | Facsimile:    (213) 627-0705 |
| 11 | Attorneys for Defendants |
| | Translucence Research, Inc., Benjamin Fisch, |
| 12 | Charles Lu, and Nathan McCarty |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEMUJIN LABS INC., a Delaware corporation, and TEMUJIN LABS INC., a Cayman Islands corporation<br><br>Plaintiffs,<br><br>vs.<br><br>TRANSLUCENCE RESEARCH, INC., a Delaware corporation, BENJAMIN FISCH, CHARLES LU, BENEDIKT BÜNZ, NATHAN MCCARTY, FERNANDO KRELL, PHILIPPE CAMACHO CORTINA, BINYI CHEN, AND LUOYUAN (ALEX) XIONG, and DOES 1-20,<br><br>Defendants. | CASE NO. 4:21-cv-09152-JST<br><br>**NOTICE OF RELATED CASE AND PENDENCY OF OTHER ACTION OR PROCEEDING**<br><br>**[N.D. Cal. Civil Local Rules 3-12; 3-13]**<br><br>Courtroom:    Courtroom 6 - 2nd Floor<br>Judge:             Hon. Jon S. Tigar<br><br>Complaint Filed:    November 24, 2021 |

Pursuant to Northern District of California Civil Local Rules 3-12 and 3-13, Defendants Translucence Research, Inc., Benjamin Fisch, Charles Lu, and Nathan McCarty (collectively, "Defendants") hereby give notice of the pendency of the following two related actions: (1) *Temujin Labs Inc., et al. v. Abittan, et al.*, Superior Court of California, Santa Clara County, Case No. 20CV372622 (filed Nov. 6, 2020) ("Original Santa Clara Action"); and (2) *Temujin Labs Inc., et al. v. Translucence Research, Inc., et al.*, Superior Court of California, San Francisco County, Case No. CGC-21-596745 (filed Nov. 19, 2021) ("SF Action"). In addition, the following action also involves similar subject matter and parties as the following case: *Abittan v. Chao, et al.*, Case No. 5:20-cv-09340 (filed Dec. 24, 2020 in the San Jose Division) ("Abittan Action").[1]

Over a year prior to initiating this action, on November 6, 2020, the Original Santa Clara Action was filed by plaintiff Temujin Labs Inc. ("Temujin DE") against two of the Defendants here (Benjamin Fisch and Charles Lu), as well as a third individual (Ariel Abittan) for various causes of action including civil conspiracy, tortious interference, breach of contract, and misappropriation of trade secrets related to the development of a blockchain-based financial technology referred to as "Findora." A copy of that complaint is attached hereto as Exhibit 1. Two months after this action was filed, on January 21, 2022, Temujin DE and its parent entity Temujin Labs Inc. (Cayman) ("Temujin Cayman") (collectively Temujin DE and Temujin Cayman are referred to as "Plaintiffs") then filed a First Amended Complaint in that case in response to a pending demurrer that contains virtually identical allegations as those made in the initial complaint. In the Original Santa Clara Action, Plaintiffs allege, among other things, that the defendants have misappropriated Findora source code and technology, and have otherwise interfered with Plaintiffs' business and relationships.

---

[1] Although Plaintiffs filed a "Notice of Related Case" in the Original Santa Clara Action identifying the Abittan Action as related to that case, they have inexplicably failed to file any Notice of Related Case or Notice of Pendency of Other Action in this action or the SF Action yet. On January 6, 2022, counsel for Defendants sent a letter to Plaintiffs' counsel noting that Plaintiffs had not complied with their obligations to alert any of the involved courts of the existence of the other actions. Although Defendants have patiently waited for Plaintiffs to comply with their duties to the courts, as of the filing of this Notice, Plaintiffs have still failed to file notices with any of the courts.

The SF Action and this action were then both filed by the Plaintiffs against Messrs. Fisch and Lu, as well as a number of other defendants. First, on November 19, 2021, and in a transparent attempt to forum shop their claims, Plaintiffs filed the SF Action claiming that the defendants in that case misappropriated Findora source code and technology, and otherwise interfered with Plaintiffs' business and relationships.[2] A copy of that complaint is attached hereto as Exhibit 2. Next, apparently unsatisfied with their second choice court, on November 24, 2021, Plaintiffs then filed the present action against the same group of defendants as the SF Action with virtually identical allegations as those made in the SF Action. *Compare* Complaint (Dkt. No. 1) Nature of Case, ¶¶ 23-26, 27-34, 35-43, 44-47, 48-50, 51-57 *with* Ex. 2 Nature of Case, ¶¶ 16-19, 20-27, 28-35, 36-39, 40-42, 43-49.

The present action, SF Action, and Original Santa Clara Action make similar allegations to one another (and, in the case of the SF Action and this action complaints, are basically identical carbon copies). *Compare* Ex. 1 *with* Ex. 2 *with* Complaint (Dkt. No. 1). Under Local Rule 3-13, the three actions all involve substantially the same subject matter and same parties. Indeed, all three proceedings arise out of the same facts, seek the same remedies, involve substantially the same parties, and require adjudication of overlapping legal claims including trade secret misappropriation, tortious interference with relations, and civil conspiracy. All three complaints are premised on allegations that Defendants and others spread false information, unlawfully downloaded and removed electronic information belonging to Plaintiffs, and disrupted relationships between Plaintiffs and others. Accordingly, it is likely there will be an unduly burdensome duplication of labor and expense, as well as conflicting results if the cases are conducted before different courts.[3]

///

---

[2] The SF Action was dismissed without prejudice on December 23, 2021.

[3] Defendants will be filing a motion to dismiss all claims in the present action, or in the alternative, to stay this action while the pending proceedings in the Original Santa Clara Action are resolved. Among the many reasons for dismissal is the fact that Plaintiffs have blatantly attempted to forum shop by filing virtually identical claims against substantially the same parties in three different actions. Should Defendants not prevail on their motion to dismiss/stay, they request that this Court issue appropriate orders to coordinate the cases to avoid conflicts, conserve resources, and promote an efficient determination of the action.

| | | |
|---|---|---|
| 1 | DATED: March 17, 2022 | PAUL HASTINGS LLP |
| 2 | | |
| 3 | | By: */s/ Edward Han* |
| 4 | | EDWARD HAN |
| 5 | | Attorneys for Defendants<br>Translucence Research, Inc., Benjamin Fisch, |
| 6 | | Charles Lu, and Nathan McCarty |