1   EDWARD HAN (SB# 196924)
    edwardhan@paulhastings.com
2   JESSICA E. MENDELSON (SB# 280388)
    jessicamendelson@paulhastings.com
3   PAUL HASTINGS LLP
    1117 S. California Avenue
4   Palo Alto, California  94304
    Telephone:     (650) 320-1800
5   Facsimile:     (650) 320-1900

6   JENNIFER BALDOCCHI (SB#168945)
    jenniferbaldocchi@paulhastings.com
7   TIMOTHY D. REYNOLDS (SB# 274589)
    timothyreynolds@paulhastings.com
8   PAUL HASTINGS LLP
    515 South Flower Street, 25th Floor
9   Los Angeles, California  90071
    Telephone:     (213) 683-6000
10  Facsimile:     (213) 627-0705

11  Attorneys for Defendants
    Translucence Research, Inc., Benjamin Fisch,
12  Charles Lu, and Nathan McCarty

13

14                     UNITED STATES DISTRICT COURT

15                   NORTHERN DISTRICT OF CALIFORNIA

16

17
    TEMUJIN LABS INC., a Delaware          CASE NO. 4:21-cv-09152-JST
18  corporation, and TEMUJIN LABS INC., a
    Cayman Islands corporation             **DEFENDANTS' NOTICE OF MOTION**
19                                         **AND MOTION TO DISMISS COMPLAINT,**
                   Plaintiffs,             **OR IN THE ALTERNATIVE, TO STAY**
20                                         **CASE; MEMORANDUM OF POINTS AND**
           vs.                             **AUTHORITIES IN SUPPORT OF**
21                                         **MOTION**
    TRANSLUCENCE RESEARCH, INC., a
22  Delaware corporation, BENJAMIN FISCH,
    CHARLES LU, BENEDIKT BÜNZ,
23  NATHAN MCCARTY, FERNANDO              Date:       May 5, 2022
    KRELL, PHILIPPE CAMACHO CORTINA,      Time:       2:00 p.m.
24  BINYI CHEN, AND LUOYUAN (ALEX)        Courtroom:  Courtroom 6 - 2nd Floor
    XIONG, and DOES 1-20,                 Judge:      Hon. Jon S. Tigar
25
                   Defendants.            Complaint Filed:   November 24, 2021
26

27

28

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 2

I.      INTRODUCTION ................................................................................................................ 2

II.     STATEMENT OF ISSUES ................................................................................................. 3

III.    PROCEDURAL AND FACTUAL BACKGROUND ........................................................ 4

    A.      Relevant Procedural Background .......................................................................... 4

    B.      Relevant Factual Allegations ................................................................................ 5

IV.     THE MOTION TO DISMISS SHOULD BE GRANTED .............................................. 6

    A.      Legal Standards Governing This Motion ............................................................. 6

    B.      Plaintiffs' Interference, Unfair Competition, Civil Conspiracy, and
         Declaratory Relief Claims Should Be Dismissed ................................................ 6

        1.      CUTSA Preempts These Causes of Action .............................................. 6

        2.      Plaintiffs' Interference, Unfair Competition, Civil Conspiracy, and
                Declaratory Relief Causes of Action Otherwise Fail to State a
                Claim .......................................................................................................... 8

    C.      Plaintiffs' First and Second Claims for Misappropriation of Trade Secrets
         Under the DTSA and CUTSA Fail as Plaintiffs Do Not Sufficiently Allege
         the Existence of Protectable Trade Secrets .......................................................... 12

    D.      Plaintiffs' Third Claim for Trade Libel Is Insufficiently Pled ............................ 14

    E.      Plaintiffs' Claims Against McCarty Should Be Dismissed for Failure to
         Comply with FRCP 8 ............................................................................................. 15

    F.      This Action Should be Dismissed Under the *Colorado River* Doctrine ............. 15

        1.      This Action Is Substantially Similar to the State Court Action ............... 16

        2.      The *Colorado River* Factors Favor a Dismissal ..................................... 17

    G.      In the Alternative, This Court Should Stay this Action Under Either
         *Colorado River* or *Landis* ................................................................................. 22

V.      CONCLUSION ................................................................................................................... 25

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abramson v. Marriott Ownership Resorts, Inc.*,
   155 F. Supp. 3d 1056 (C.D. Cal. 2016)....................................................................10

*AlterG, Inc. v. Boost Treadmills LLC*,
   388 F. Supp. 3d 1133 (N.D. Cal. 2019) .............................................................11, 12

*Am. Int'l Underwriters (Phil.), Inc. v. Cont'l Ins. Co.*,
   843 F.2d 1253 (9th Cir. 1988)........................................................................18, 20

*Anderson v. McKesson Corp.*,
   No. C 13-3104 SC, 2013 WL 12178062 (N.D. Cal. Aug. 15, 2013)......................24

*Anokiwave, Inc. v. Rebeiz*,
   No. 18-CV-629 JLS, 2018 WL 4407591 (S.D. Cal. Sept. 17, 2018)........................7

*Arris Enters. LLC v. Sony Corp.*,
   No. 17-CV-02669-BLF, 2017 WL 3283937 (N.D. Cal. Aug. 1, 2017)...................24

*Arthur J. Gallagher & Co. v. Lang*,
   No. 14-0909-CW, 2014 WL 4354670 (N.D. Cal. Sept. 2, 2014) .............................9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..............................................................................................6

*ATS Prods., Inc. v. Champion Fiberglass, Inc.*,
   No. 13-cv-02403-SI, 2015 WL 224815 (N.D. Cal. Jan. 15, 2015)..........................8

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................11

*Brito v. New United Motor Mfg., Inc.*,
   No. 06-cv-06424-JF, 2007 WL 1345197 (N.D. Cal. May 8, 2007)...................16, 21

*Buxton v. Eagle Test Sys., Inc.*,
   No. C-08-04404 RMW, 2010 WL 1240749 (N.D. Cal. Mar. 26, 2010)....................9

*Cellular Plus, Inc. v. Superior Court*,
   14 Cal. App. 4th 1224 (1993).................................................................................10

*Chang v. Biosuccess Biotech Co., Ltd.*,
   76 F. Supp. 3d 1022 (C.D. Cal. 2014)....................................................................12

*City of Cotati v. Cashman*,
   29 Cal. 4th 69 (2002) ...........................................................................................11

-ii-

*Code Rebel, LLC v. Aqua Connect, Inc.*,
  No. 13–4539 RSWL (MANx), 2013 WL 5405706 (C.D. Cal. Sept. 24, 2013)........................14

*Colorado River Water Conservation Dist. v. United States*,
  424 U.S. 800 (1976) ................................................................................................... *passim*

*Cont'l D.I.A. Diamond Prods., Inc. v. Dong Young Diamond Indus. Co., Ltd.*,
  No. 08-02136 SI, 2009 WL 330948 (N.D. Cal. Feb. 10, 2009)................................................14

*Corazon v. Aurora Loan Servs., LLC*,
  No. 11-00542 SC, 2011 WL 1740099 (N.D. Cal. May 5, 2011) ...............................................14

*Daugherty v. Oppenheimer & Co.*,
  No. C 06-7725-PJH, 2007 WL 1994187 (N.D. Cal. Jul. 5, 2007)............................................19

*Eldorado Stone, LLC v. Renaissance Stone, Inc.*,
  No. 04-cv-2562 JM(LSP), 2005 WL 5517731 (S.D. Cal. Aug. 9, 2005) .................................14

*Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*,
  122 F.3d 1211 (9th Cir. 1997)...................................................................................................11

*Eurolog Packing Grp. v. EPG Indus., LLC.*,
  No. 18-02982-VAP, 2018 WL 6333685 (C.D. Cal. Oct. 17, 2018) .........................................11

*Ezeude v. PayPal, Inc.*,
  No. 17-CV-02558-LHK, 2017 WL 5479654 (N.D. Cal. Nov. 15, 2017) ...........................23, 24

*Farmers Ins. Exch. v. Steele Ins. Agency, Inc.*,
  No. 2:13-CV-00784-MCE DAD, 2013 WL 3872950 (E.D. Cal. July 25, 2013) ..................6, 8

*Films of Distinction, Inc. v. Allegro Film Prods., Inc.*,
  12 F. Supp. 2d 1068 (C.D. Cal. 1998)......................................................................................14

*Fireman's Funds Ins. Co. v. Ignacio*,
  860 F.2d 353 (9th Cir. 1998).....................................................................................................17

*First Advantage Background Servs. Corp. v. Private Eyes, Inc.*,
  569 F. Supp. 2d 929 (N.D. Cal. 2008) ..............................................................................7, 14

*GA Telesis, LLC v. Salesforce.com, Inc.*,
  No. 21-cv-02701-AGT, 2021 WL 5178803 (N.D. Cal. Nov. 8, 2021)....................................12

*Gallagher v. Dillon Grp. 2003-I*,
  No. CV-09-2135-SBA, 2010 WL 890056 (N.D. Cal. Mar. 8, 2010)........................................19

*Gauvin v. Trombatore*,
  682 F. Supp. 1067 (N.D. Cal. 1988) ........................................................................................15

*Glass Egg Digit. Media v. Gameloft, Inc.*,
  No. 17-cv-04165-MMC, 2018 WL 500243 (N.D. Cal. Jan. 22, 2018)....................................11

*Goodin v. Vendley*,
    356 F. Supp. 3d 935 (N.D. Cal. 2018) ................................................................................16, 22

*Gustavson v. Mars, Inc.*,
    No. 13-cv-04537-LHK, 2014 WL 6986421 (N.D. Cal. Dec. 10, 2014) ..................................25

*Harrell v. 20th Century Ins. Co.*,
    934 F.2d 203 (9th Cir. 1991)...................................................................................................11

*Hernandez v. City of San Jose*,
    No. 16-CV-03957, 2017 WL 2081236 (N.D. Cal. May 15, 2017) ...........................................23

*Hernandez v. San Gabriel Temp. Staffing Servs., LLC*,
    No. 17-CV-05847-LHK, 2018 WL 1582914 (N.D. Cal. Apr. 2, 2018)............................23, 25

*InteliClear, LLC v. ETC Glob. Holdings, Inc.*,
    978 F.3d 653 (9th Cir. 2020)............................................................................................12, 19

*Invisible DOT, Inc. v. Dedecker*,
    No. 2:18-cv-08168-RGK-RAO, 2019 WL 1718621 (C.D. Cal. Feb. 6, 2019)........................12

*Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*,
    12 F. Supp. 2d 1035 (C.D. Cal. 1998).....................................................................................13

*Jolly v. Intuit Inc.*,
    485 F. Supp. 3d 1191 (N.D. Cal. 2020) ..................................................................................21

*Junod v. Dream House Mortg. Co.*,
    No. CV 11-7035-ODW, 2012 WL 94355 (C.D. Cal. Jan. 5, 2012)..........................................11

*K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*,
    171 Cal. App. 4th 939 (2009)....................................................................................................7

*Klein v. Cook*,
    No. 5:14-CV-03634-EJD, 2015 WL 2454056 (N.D. Cal. May 22, 2015)................................24

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal. 4th 1134 (2003) ............................................................................................................8

*Krieger v. Atheros Commc'ns, Inc.*,
    776 F. Supp. 2d 1053 (N.D. Cal. 2011) ..........................................................................15, 19

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936)...................................................................................................... *passim*

*Levitt v. Yelp! Inc.*,
    765 F.3d 1123 (9th Cir. 2014)..................................................................................................10

*Leyva v. Certified Grocers of Cal., Ltd.*,
    593 F.2d 857 (9th Cir. 1979)....................................................................................................23

-iv-

*Liberty City Movie, LLC v. U.S. Bank, N.A.*,
 824 Fed. Appx. 505 (9th Cir. 1991) ...................................................................................11

*Lockyer v. Mirant Corp.*,
 398 F.3d 1098 (9th Cir. 2005)............................................................................................23

*Lozano v. AT&T Wireless Servs., Inc.*,
 504 F.3d 718 (9th Cir. 2007)..............................................................................................10

*Markowitz v. United Parcel Serv., Inc.*,
 No. SACV 15-1367 AG (DFMx), 2016 WL 3598728 (C.D. Cal. July 1, 2016),
 *aff'd*, 711 F. App'x 430 (9th Cir. 2018)...............................................................................11

*Montanore Mins. Corp. v. Bakie*,
 867 F.3d 1160 (9th Cir. 2017).............................................................................................21

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
 460 U.S. 1 (1983) ................................................................................................................18

*Nakash v. Marciano*,
 882 F.2d 1411 (9th Cir. 1989)................................................................................16, 20, 22

*Name.Space, Inc. v. Internet Corp. for Assigned Names & Numbers*,
 795 F.3d 1124 (9th Cir. 2015)...............................................................................................9

*Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Rudolph & Sletten, Inc.*,
 No. 20-CV-00810-HSG, 2020 WL 4039370 (N.D. Cal. July 17, 2020) ..............................24

*Nelson Bros. Prof'l Real Estate LLC v. Jaussi*,
 No. 17-0158-DOC, 2017 WL 8220703 (C.D. Cal. Mar. 23, 2017) ........................................8

*Nichols v. Great Am. Ins. Companies*,
 169 Cal. App. 3d 766 (1985)...............................................................................................13

*Pellerin v. Honeywell Int'l, Inc.*,
 877 F. Supp. 2d 983 (S.D. Cal. 2012) .................................................................................13

*People v. McKale*,
 25 Cal. 3d 626 (1979) .........................................................................................................10

*Privitera v. Cal. Bd. of Med. Quality Assurance*,
 926 F.2d 890 (9th Cir. 1991)...............................................................................................22

*Quelimane Co. v. Stewart Title Guar. Co.*,
 19 Cal. 4th 26 (1998) ............................................................................................................9

*R.R. St. & Co. v. Transp. Ins. Co.*,
 656 F.3d 966 (9th Cir. 2011)........................................................................................ *passim*

-v-

*Reudy v. Clear Channel Outdoors, Inc.*,
    693 F. Supp. 2d 1091 (N.D. Cal. 2007) ................................................................9

*Riley v. City of Richmond*,
    No. C-13-4752 MMC, 2014 WL 5073804 (N.D. Cal. Oct. 9, 2014).......................17

*Robertson v. Dean Witter Reynolds, Inc.*,
    749 F.2d 530 (9th Cir. 1984)....................................................................................6

*Rusheen v. Cohen*,
    37 Cal. 4th 1048 (2006) .........................................................................................11

*Ryder Truck Rental, Inc. v. Acton Foodservices Corp.*,
    554 F. Supp. 277 (C.D. Cal. 1983) ........................................................................18

*In re Sagent Tech., Inc.*,
    278 F. Supp. 2d 1079 (N.D. Cal. 2003) .................................................................15

*Schuman v. Ikon Office Sols., Inc.*,
    232 F. App'x 659 (9th Cir. 2007) ..........................................................................10

*ScripsAmerica, Inc. v. Ironridge Glob. LLC*,
    56 F. Supp. 3d 1121 (C.D. Cal. 2014)....................................................................17

*Seneca Ins. Co. v. Strange Land, Inc.*,
    862 F.3d 835 (9th Cir. 2017)........................................................15, 16, 17, 19

*Silvaco Data Sys. v. Intel Corp.*,
    184 Cal. App. 4th 210 (2010)........................................................................6, 8, 12

*SunPower Corp. v. SolarCity Corp.*,
    No. 12-CV-00694-LHK, 2012 WL 6160472 (N.D. Cal. Dec. 11, 2012) ..................6

*Swarmify, Inc. v. Cloudflare, Inc.*,
    No. 17-06957-WHA, 2018 WL 1142204 (N.D. Cal. Mar. 2, 2018).........................13

*The Kind & Compassionate v. City of Long Beach*,
    2 Cal. App. 5th 116 (2016)......................................................................................11

*Travelers Indem. Co. v. Madonna*,
    914 F.2d 1364 (9th Cir. 1990)................................................................................19

*United Specialty Ins. Co. v. Bani Auto Grp., Inc.*,
    No. 18-cv-01649-BLF, 2018 WL 5291992 (N.D. Cal. Oct. 23, 2018).............23, 24

*United States v. Kiewit Pac. Co.*,
    41 F. Supp. 3d 796 (N.D. Cal. 2014) .....................................................................23

*Upstrem, Inc. v. BHFO, Inc.*,
    No. 20-CV-2160-JLS, 2021 WL 2038324 (S.D. Cal. May 21, 2021) ......................12

-vi-

*Walker v. MB Fin. Bank, N.A.*,
    No. C 13-03601 LB, 2014 WL 173187 (N.D. Cal. Jan. 15, 2014) ...........................................21

*Wasco Prods., Inc. v. Southwall Techs., Inc.*,
    435 F.3d 989 (9th Cir. 2006)...........................................................................................10

*Watson v. County of Santa Clara*,
    No. C-06-04029 RMW, 2010 WL 2077171 (N.D. Cal. May 20, 2010)...............................22

*Wynn v. NBC*,
    234 F. Supp. 2d 1067 (C.D. Cal. 2002)...........................................................................10

*Zurich Am. Ins. Co. v. Omnicell, Inc.*,
    No. 18-CV-05345-LHK, 2019 WL 570760 (N.D. Cal. Feb. 12, 2019)...............................24

**Statutes**

18 U.S.C. § 1836 ................................................................................................. *passim*

18 U.S.C. § 1839(3) ..............................................................................................12

Cal. Bus. & Prof. Code § 17200 ...........................................................................10

Cal. Civ. Code § 3426 .......................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 8 ..............................................................................................3, 14, 15

Fed. R. Civ. P. 9(g) ..............................................................................................13

Fed. R. Civ. P. 12(b)(6)........................................................................................1, 6

1

2 <u>**NOTICE OF MOTION AND MOTION TO DISMISS**</u>

3 TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

4 PLEASE TAKE NOTICE that on May 5, 2022 at 2:00 p.m., or as soon thereafter as the

5 matter may be heard, in Courtroom 6 of this Court, located at 1301 Clay Street, Oakland, CA

6 94612, before the Honorable Jon S. Tigar, Defendants Translucence Research, Inc., Benjamin

7 Fisch, Charles Lu, and Nathan McCarty (collectively "Defendants") will and hereby do move this

8 Court for an order pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) dismissing

9 Plaintiffs Temujin Labs Inc. (Delaware)'s ("Temujin DE") and Temujin Labs Inc. (Cayman)'s

10 ("Temujin Cayman") (collectively "Plaintiffs" or "Temujin") Complaint without leave to amend,

11 or in the alternative, for an order dismissing or staying this case pending adjudication of a related,

12 ongoing action in California state court. This motion is brought on the following grounds:

13 • *First*, Plaintiffs' Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action for

14 intentional interference with contractual relations, intentional interference with

15 prospective economic advantage, unfair competition, civil conspiracy, and declaratory

16 relief must be dismissed as those claims are preempted by the California Uniform Trade

17 Secrets Act ("CUTSA"), Cal. Civ. Code §§ 3426 *et seq.* In addition, those causes of

18 action are insufficiently pled and fail to state a claim as a matter of law.

19 • *Second*, Plaintiffs' First Cause of Action under the Defend Trade Secrets Act

20 ("DTSA"), 18 U.S.C. §§ 1836 *et seq.*, and Second Cause of Action under CUTSA must be

21 dismissed as Plaintiffs have failed to plead with the requisite particularity the existence of

22 a protectable trade secret.

23 • *Third*, Plaintiffs' Third Cause of Action for trade libel must be dismissed as

24 Plaintiffs do not adequately plead special damages nor identify the author or speaker,

25 recipient, time, and location of any allegedly libelous statement.

26 • *Fourth*, although Plaintiffs name a number of defendants in the Complaint, the

27 allegations against Nathan McCarty are deficient as there are no factual allegations tying

28 McCarty to any alleged wrongdoing or otherwise putting McCarty on notice of the facts

1    alleged against him.

2    •      *Fifth*, this Court should dismiss this action under *Colorado River Water*

3    *Conservation Dist. v. United States*, 424 U.S. 800 (1976) in favor of a substantially

4    similar parallel state court proceeding entitled *Temujin Labs, Inc. v. Abittan, et al.*, Case

5    No. 20-CV-372622 (Santa Clara Sup. Ct. Nov. 6, 2020).

6    •      *Finally*, in the alternative, this Court should stay this action under either the

7    *Colorado River* doctrine or pursuant to its inherent discretion to manage its docket under

8    *Landis v. N. Am. Co.*, 299 U.S. 248 (1936).

9    Defendants respectfully request that this Court dismiss the Complaint in its entirety without

10   leave to amend, or in the alternative, dismiss or stay this action pending adjudication of the related,

11   ongoing action in California state court.  This motion is based on this Notice of Motion and Motion

12   to Dismiss; the attached Memorandum of Points and Authorities; the Request for Judicial Notice

13   and Declaration of Edward Han with attached exhibits filed concurrently herewith; the Court's

14   record of this action; and all other matters received by the Court at the hearing on this motion.

15                    **MEMORANDUM OF POINTS AND AUTHORITIES**

16   **I.      INTRODUCTION**

17   There are many different euphemisms to describe this action—*e.g.,* multiple bites at the

18   apple, déjà vu pleading, etc.—but at its core, it is a deficiently pled forum shopping play.  It is the

19   ***third separate lawsuit*** in a string of substantively identical actions brought by the same Plaintiffs

20   utilizing the same lawyers, involving the same underlying facts, against numerous overlapping

21   defendants.  Notwithstanding Plaintiffs' improper forum shopping, the Complaint fails as a matter

22   of law and should be dismissed.

23   *First*, Plaintiffs' Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action for intentional

24   interference with contractual relations, intentional interference with prospective economic

25   advantage, unfair competition, civil conspiracy, and declaratory relief must be dismissed as those

26   claims are preempted by CUTSA because they are based on the same factual allegations as

27   Plaintiffs' misappropriation of trade secrets claim.  Further, those causes of action are also

28   insufficiently pled and subject to dismissal.

-2-

*Second*, Plaintiffs' First and Second Causes of Action under the DTSA and CUTSA must be dismissed as Plaintiffs failed to plead any alleged trade secrets with the requisite particularity.

*Third*, Plaintiffs' Third Cause of Action for trade libel fails because Plaintiffs do not adequately plead special damages nor identify with particularity the author or speaker, recipient, time, and location of any allegedly libelous statement.

*Fourth*, Plaintiffs' claims against McCarty are deficient as there are no factual allegations tying McCarty to any alleged wrongdoing or otherwise putting McCarty on notice of the facts alleged against him.

*Finally*, Plaintiffs apparent dissatisfaction with the ***currently pending*** state court lawsuit filed ***over a year prior*** to this action is not grounds to pursue this case in federal court.  Under the circumstances here, this Court should dismiss this action under the *Colorado River* doctrine in favor of the parallel state court proceeding.  *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).  If the Court should determine dismissal of this action under any of the arguments enumerated above is not warranted, the Court should stay this case under either the *Colorado River* doctrine or pursuant to its inherent discretion to manage its docket under *Landis v. N. Am. Co.*, 299 U.S. 248 (1936).

## II.   <u>STATEMENT OF ISSUES</u>

1.      Whether Plaintiffs' intentional interference with contractual relations, intentional interference with prospective economic advantage, unfair competition, civil conspiracy, and declaratory relief claims are preempted under CUTSA, and whether those causes of action are otherwise insufficiently pled.

2.      Whether Plaintiffs have failed to plead a cognizable claim for misappropriation of trade secrets under the DTSA and/or CUTSA.

3.      Whether Plaintiffs have failed to state a claim for trade libel.

4.      Whether Plaintiffs' claims against McCarty should be dismissed for failure to comply with FRCP 8.

5.      Whether this case should be dismissed or, in the alternative, stayed pending the outcome of an ongoing state court action arising from virtually identical facts and involving the

-3-

1   same parties and same claims.

2   **III.**   **PROCEDURAL AND FACTUAL BACKGROUND**

3      **A.**   **Relevant Procedural Background**

4          On November 6, 2020, Temujin DE filed an action in Santa Clara County Superior Court,

5   *Temujin Labs, Inc. v. Abittan, et al.*, Santa Clara Sup. Ct. Case No. 20-CV-372622, ("State Court

6   Action") against three individuals, including two of the Defendants here.  *See* Declaration of

7   Edward Han ("Han Decl."), Ex. A.  The State Court Action complaint alleged various causes of

8   action including civil conspiracy, interference with business and relationships, and

9   misappropriation of trade secrets related to the development of a blockchain-based financial

10  technology referred to as "Findora."[1]  Han Decl., Ex. A Nature of the Case at 2, ¶¶ 27, 31-43, 48-

11  60, 93-100; Han Decl., Ex. B. Nature of the Case at 2, ¶¶ 27, 31-44, 49-61, 94-10.

12         Over a year after filing the State Court Action, on November 19, 2021, Plaintiffs filed an

13  action in San Francisco County Superior Court (*Temujin Labs, Inc., et al. v. Translucence

14  Research, Inc., et al.*, SF Sup. Ct. Case No. CGC-21-596745) against the same group of

15  defendants as named here and with virtually identical allegations as those made in the Complaint

16  in this matter ("SF Action").  Han Decl., Ex. C.  Just as with the State Court Action, in the SF

17  Action, the Plaintiffs claim that the defendants in that case misappropriated Findora source code

18  and technology, and otherwise interfered with Plaintiffs' business and relationships.  *Id.*  Five

19  days later, on November 24, 2021, Plaintiffs filed the instant Complaint in this Court against the

20  same group of defendants as the SF Action with virtually identical allegations.  *Compare* Dkt.

21  No. 1 Nature of the Case at 1, ¶¶ 23-26, 27-34, 35-43, 44-47, 48-50, 51-57 *with* Han Decl., Ex. C

22  Nature of the Case at 1, ¶¶ 16-19, 20-27, 28-35, 36-39, 40-42, 43-49.  Two months later, on

23  January 21, 2022, Temujin DE amended the State Court Action complaint to add Temujin

24  Cayman as a plaintiff.  Han Decl., Ex. B.

25         All three actions involve the exact same Plaintiffs, two of the same defendants, and arise

26  _____

[1] On December 24, 2020, a defendant in the State Court Action filed a complaint in the San Jose
27  Division:  *Abittan v. Chao, et al.*, Case No. 5:20-cv-09340 (filed Dec. 24, 2020) ("Abittan
Action").  Even though that pending action is in the San Jose Division and the State Court Action
28  is in Santa Clara County, Plaintiffs here specifically checked the "San Francisco/Oakland"
divisional assignment on their Civil Cover Sheet.  Dkt. No. 1-1.

out of the same underlying conduct.  Plaintiffs, however, ignored their obligation to file notices of related cases in any of the three suits, declining to bring the duplicative actions to the attention of any court.  Defendants filed a notice of related case and pendency of other action in this proceeding on March 17, 2022.  Dkt. 25.

### B.   Relevant Factual Allegations

Plaintiffs comprise a purported financial technology business developing and using software products that rely on blockchain-based technology.  Compl. ¶¶ 25-26.  Defendant Benjamin Fisch ("Fisch") is the former Chief Technical Officer of Temujin.  *Id.* ¶ 9.  Defendant Charles Lu ("Lu") is the former Chief Executive Officer of Temujin.  *Id.* ¶ 8.  Defendant Nathan McCarty ("McCarty") is a former System Engineer of Temujin.  *Id.* ¶ 11.  Plaintiffs allege that between September 2020 and November 2020, the individual Defendants unlawfully downloaded, copied and removed information, electronic files and other property belonging to the Plaintiffs.  *Id.* ¶ 35.  According to Plaintiffs, the individual Defendants engaged in these acts to assist defendant Translucence Research, Inc. ("Translucence"), a company founded after Fisch, Lu, and McCarty (and others) departed Temujin.  *Id.* ¶¶ 34, 37.

Specifically, Plaintiffs allege that Fisch attempted to open source Temujin's proprietary source code, including the Findora Ledger and Zei cryptography library software.  Compl. ¶ 41.  On September 15, 2020, Fisch posted the code online pursuant to a Massachusetts Institute of Technology open source license.  *Id.*  Plaintiffs recognize that Fisch open sourced the code pursuant to applicable export compliance regulations.  *Id.*  However, Plaintiffs allege that this was done to "to make the code accessible to Fisch, Lu, and their co-conspirators[.]"  *Id.*

Plaintiffs further claim that following their departure from Temujin, Fisch, Lu, and others "falsely represented to third parties that they have rights to use all of Plaintiffs' codes" and recruited members of Temujin's engineering team to work at Translucence.  Compl. ¶ 45.  According to Plaintiffs, Translucence, Fisch, and Lu also made false statements to Temujin's employees, consultants, and investors in an attempt to interfere with Temujin.  *Id.* ¶¶ 47, 51-55.  In December 2020 through early January 2021, Plaintiffs assert that Translucence and/or Fisch, Lu, and others allegedly made false statements concerning the "Findora public-facing token sale."  *Id.*

1

¶ 46.

2

**IV.    THE MOTION TO DISMISS SHOULD BE GRANTED**

3

    **A.    Legal Standards Governing This Motion**

4

As to pleading deficiencies, a complaint must be dismissed when a plaintiff's allegations

5

"fail[] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6).  To survive a

6

motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a

7

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  This requires "more than a sheer

9

possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.  "Labels and

10

conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*

11

(quoting *Twombly*, 550 U.S. at 555).  Further, dismissal is warranted under FRCP 12(b)(6), where

12

the complaint lacks a cognizable legal theory or fails to plead essential facts under a cognizable

13

theory. *See Robertson v. Dean Witter Reynolds, Inc*., 749 F.2d 530, 534 (9th Cir. 1984); *Farmers*

14

*Ins. Exch. v. Steele Ins. Agency, Inc.*, No. 2:13-CV-00784-MCE DAD, 2013 WL 3872950, at *9

15

(E.D. Cal. July 25, 2013) (granting a motion to dismiss claims preempted by plaintiff's trade

16

secret misappropriation claim, since no viable legal claim could be stated).  In addition, dismissal

17

is appropriate where claims are preempted under a statutory scheme. *See infra* Section IV.B.1.

18

Finally, dismissal is warranted if this Court declines to exercise jurisdiction due to the pendency

19

of the State Court Action. *See infra* Section IV.F.

20

    **B.    Plaintiffs' Interference, Unfair Competition, Civil Conspiracy, and
          Declaratory Relief Claims Should Be Dismissed**

21

22

        **1.    CUTSA Preempts These Causes of Action**

23

The Fourth through Eighth Causes of Action should be dismissed because they are

24

preempted under CUTSA. *See Silvaco Data Sys. v. Intel Corp.,* 184 Cal. App. 4th 210, 236 (2010)

25

(overruled on other grounds) (when CUTSA preempts a claim, the claim does not state a cause of

26

action and should be dismissed at the pleading stage); *SunPower Corp. v. SolarCity Corp.*, No. 12-

27

CV-00694-LHK, 2012 WL 6160472, at *14 (N.D. Cal. Dec. 11, 2012).  "The stated purpose of the

28

UTSA is to provide 'unitary definitions of trade secret and trade secret misappropriation, and a

-6-

single statute of limitations for the various property, quasi-contractual, and violation of fiduciary relationship theories of noncontractual liability utilized at common law.'" *K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal. App. 4th 939, 957 (2009) (quoting *Am. Credit Indem. Co. v. Sacks*, 213 Cal. App. 3d 622, 630 (1989)).  As such, CUTSA preempts all state law claims "based on the same nucleus of facts as the misappropriation of trade secrets claim[.]"  *Id.* at 958 (citation omitted); *see also id*, at 957 (noting "CUTSA's 'comprehensive structure and breadth' suggests a legislative intent to occupy the field") (citation omitted).

Specifically, Plaintiffs' Fourth claim for intentional interference with contractual relations and Fifth claim for intentional interference with prospective economic advantage are based on the same allegations as Plaintiffs' CUTSA count.  The Complaint alleges that certain defendants interfered with Plaintiffs' business by "[u]nlawfully misappropriating, misusing, and capitalizing on Plaintiffs' property and information, including but not limited to their trade secrets and intellectual property"—the same conduct upon which Plaintiffs' CUTSA misappropriation of trade secrets claim is based.  Compl. ¶ 28; *see also id*. ¶ 3; *cf. id.* ¶ 43 ("Defendant Translucence, itself and in concert with the other Defendants, has ***unlawfully misappropriated and misused*** Plaintiffs' trade secrets…") (emphasis added); *Id.* ¶ 75 ("Defendants, acting individually and in concert, have misappropriated Plaintiffs' trade secrets by using and/or disclosing them without Plaintiffs' authorization or consent…").  Plaintiffs even incorporate by reference the factual allegations regarding Defendants' alleged unauthorized use and disclosure of Plaintiffs' trade secrets into their interference claims.  *Id.* ¶¶ 88, 102.  Because the claims are based on the same common nucleus of facts, they are preempted and must be dismissed.  *Anokiwave, Inc. v. Rebeiz*, No. 18-CV-629 JLS (MDD), 2018 WL 4407591, at *6 (S.D. Cal. Sept. 17, 2018) (interference with contractual relations claim preempted because "the alleged conduct derives from the same nucleus of facts as the trade secret claim") (internal quotation marks omitted); *First Advantage Background Servs. Corp. v. Private Eyes, Inc.*, 569 F. Supp. 2d 929, 938 (N.D. Cal. 2008) (interference with prospective economic advantage claim based on acts amounting to trade secret misappropriation preempted by CUTSA).

Similarly, Plaintiffs' Sixth claim for unfair competition is based on the allegation that

-7-

certain defendants engaged in "unlawful and unfair business acts and practices," including

"***misappropriation and misuse of Plaintiffs' trade secrets***[.]" Compl. ¶ 111 (emphasis added).

This is the exact same conduct upon which Plaintiffs' misappropriation claim is based. *Id.* ¶ 75

("Defendants, acting individually and in concert, have misappropriated Plaintiffs' trade secrets by

using and/or disclosing them without Plaintiffs' authorization or consent…"). Accordingly, this

claim is also preempted and fails. *See Farmers*, 2013 WL 3872950, at *10; *E-Smart Techs, Inc.*

*v. Drizin*, No. C 06-05528 MHP, 2009 WL 35228, at *6 (N.D. Cal. Jan. 6, 2009) (unfair

competition claims preempted based on CUTSA).

      Finally, the Seventh and Eighth Causes of Action for civil conspiracy and for declaratory

relief fail for the same reason. Plaintiffs allege that certain defendants operated their alleged

conspiracy through acts such as "***misappropriating and misusing Plaintiffs' information*** and

property without authorization." Compl. ¶ 118 (emphasis added). The declaratory relief claim

seeks a declaration that "the information and property ***misappropriated and misused*** by

Defendants, are the exclusive property of Plaintiffs." *Id.* ¶¶ 121, 123 (emphasis added). In other

words, the claims rely on the same nucleus of facts as the trade secret misappropriation claim and

must be dismissed. *See id.* ¶ 75; *Nelson Bros. Prof'l Real Estate LLC v. Jaussi*, No. 17-0158-DOC,

2017 WL 8220703, at *8 (C.D. Cal. Mar. 23, 2017) (finding civil conspiracy claim preempted

because it was "not materially different from Plaintiff's misappropriation of trade secrets claim.");

*ATS Prods., Inc. v. Champion Fiberglass, Inc.*, No. 13-cv-02403-SI, 2015 WL 224815, at *1-2

(N.D. Cal. Jan. 15, 2015) (conspiracy claim preempted because it was "based on the same nucleus

of facts" as trade secret claim); *Silvaco*, 184 Cal. App. 4th at 232 (quoting *K.C. Multimedia*, 171

Cal. App. 4th at 962) (declaratory relief fails where it is "based on the same nucleus of facts as

trade secret misappropriation.").

    **2.**   **Plaintiffs' Interference, Unfair Competition, Civil Conspiracy, and**
             **Declaratory Relief Causes of Action Otherwise Fail to State a Claim**

      Even if CUTSA did not preempt the Fourth through Eighth Causes of Action (and it

does), each still fails as a matter of law. First, Plaintiffs' claim for intentional interference with

prospective economic advantage fails because Plaintiffs' failed to allege all of the requisite

-8-

elements.  *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2003) (quoting *Westside Ctr. Assocs. v. Safeway Stores 23, Inc.*, 42 Cal. App. 4th 507, 521-22 (1996) (elements for claim require facts showing "an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff").  Plaintiffs must allege the existence of "specific economic relationships with identifiable third parties[.]"  *Buxton v. Eagle Test Sys., Inc.*, No. C-08-04404 RMW, 2010 WL 1240749, at *2 (N.D. Cal. Mar. 26, 2010).  Here, Plaintiffs fail to do so.  Instead, Plaintiffs only vaguely refer to economic relationships with "third parties" without providing the specifics of any relationship.  Compl. ¶ 103.  Such generalized allegations referring to unspecified third parties are insufficient to state a claim for intentional interference with prospective economic advantage.  *Reudy v. Clear Channel Outdoors, Inc.*, 693 F. Supp. 2d 1091, 1123-24 (N.D. Cal. 2007); *Buxton*, 2010 WL 1240749, at *2.

Second, Plaintiffs' interference with prospective economic advantage claim also fails because Plaintiffs do not plead any independent wrongful act.  *Name.Space, Inc. v. Internet Corp. for Assigned Names & Numbers*, 795 F.3d 1124, 1133 (9th Cir. 2015) (California law "requires that the defendant's conduct be wrongful by some legal measure other than the fact of interference itself.") (internal quotation marks and citation omitted); *Arthur J. Gallagher & Co. v. Lang*, No. 14-0909-CW, 2014 WL 4354670, at *4-5 (N.D. Cal. Sept. 2, 2014) (failure to allege any independent wrongful act resulted in dismissal of interference with prospective economic advantage claim).

Third, Plaintiffs' intentional interference with contractual relations claim is insufficiently pled because Plaintiffs do not allege a contract between Plaintiffs and a *third party*.  *Accuimage Diagnostic Corp. v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 956 (N.D. Cal. 2003) ("To plead an interference with contractual relations claim, plaintiff must allege: 1) the existence of a valid contract between plaintiff and a third party…").  In their Complaint, Plaintiffs only identify one contract – supposedly a services agreement with "Findora Foundation Ltd." that was purportedly terminated in May 2021.  Compl. ¶ 50.  But Plaintiffs concede they and Findora are essentially the same, meaning any alleged contract with Findora was not between Plaintiffs and a third party.  Compl. ¶¶ 15 (alleging Luoyuan Xiong "resigned from Findora Development Pte. Ltd"), 31

-9-

(alleging Lu "spread malicious lies about Findora"), 38-41 (referring to Plaintiffs' purported trade secret as "Findora source code"), 46 (alleging false statements made in connection with Plaintiffs' "Findora public-facing token sale").  In addition, the cause of action requires that the "defendant's intentional acts [were] designed to induce a breach or disruption of the contractual relationship." *Quelimane Co. v. Stewart Title Guar. Co.*, 19 Cal. 4th 26, 55 (1998).  Plaintiffs' Complaint fails to allege how any of Defendants' alleged acts are responsible for or were "designed" to terminate a purported contract over seven months after the individual Defendants resigned from Temujin and over six months after Temujin DE initiated the State Court Action.  Accordingly, this count should be dismissed as insufficiently pled.  *Wynn v. NBC*, 234 F. Supp. 2d 1067, 1122 (C.D. Cal. 2002) (mere allegation that defendants "purposefully and intentionally interfered" with contract insufficient).

Fourth, Plaintiffs' claim for unfair competition fails as a matter of law.  California's Unfair Competition Law ("UCL") provides that "unfair competition . . . include[s] any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising . . . . "  Cal. Bus. & Prof. Code § 17200.  An unlawful business practice is one that violates a statute or regulation.  *See Schuman v. Ikon Office Sols., Inc.*, 232 F. App'x 659, 664 (9th Cir. 2007).  At the pleading stage, this requires more than "an allegation that [a practice] is in violation of a specific statute[.]"  *See People v. McKale*, 25 Cal. 3d 626, 635 (1979) (conclusory allegation of unlawful practice is insufficient).  Yet, Plaintiffs fail to allege which statute or regulation was violated, let alone how the conduct was in violation of the statutes or how any conduct was in violation of those statutes.[2]  *See* Compl. *Id.* ¶ 112 (alleging only that the business acts were unlawful "as described above.").

---

[2] Further, courts determine whether an act is unfair under a variety of tests.  *See e.g., Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1136 (9th Cir. 2014) (unfairness must "be tethered to some legislatively declared policy or proof of some actual or threatened impact on competition") (citation omitted); *Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 736 (9th Cir. 2007) (applying a balancing test); *Abramson v. Marriott Ownership Resorts, Inc.*, 155 F. Supp. 3d 1056, 1066 (C.D. Cal. 2016) ("(1) the consumer injury must be substantial; (2) the injury must not be outweighed by any countervailing benefits to consumers or competition; and (3) it must be an injury that consumers themselves could not reasonably have avoided").  Under any test, however, Plaintiffs have insufficiently alleged that Defendants were engaged in an unfair business practice that caused harm to Plaintiffs and have not shown how any practice by Defendants could be unfair to consumers. *See* Compl. ¶ 113.

-10-

Fifth, Plaintiffs' civil conspiracy claim is also deficient. Plaintiffs must allege: "(1) the formation and operation of the conspiracy, (2) the wrongful act or acts done pursuant thereto, and (3) the damage resulting from such act or acts." *Cellular Plus, Inc. v. Superior Court*, 14 Cal. App. 4th 1224, 1236 (1993). More specifically, Plaintiffs must allege the particular *agreement* to commit the wrongful acts. *Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006). Here, Plaintiffs provide conclusory allegations that certain defendants "acting in concert through knowing and mutual agreement, formed a conspiracy and conspired." Compl. ¶ 116. This is legally insufficient and the claim thus fails. *Glass Egg Digit. Media v. Gameloft, Inc.*, No. 17-cv-04165-MMC, 2018 WL 500243, at *3 (N.D. Cal. Jan. 22, 2018); *Twombly*, 550 U.S. at 556-57 (holding "a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show" conspiracy).[3]

Sixth and finally, Plaintiffs' claim for declaratory relief fails because it is wholly derivative of Plaintiffs' misappropriation claims. Declaratory relief arising from other causes of action cannot exist in the absence of an underlying cause of action. *City of Cotati v. Cashman*, 29 Cal. 4th 69, 80 (2002); *Junod v. Dream House Mortg. Co.*, No. CV 11-7035-ODW (VBKx), 2012 WL 94355, at *6 (C.D. Cal. Jan. 5, 2012) (where "plaintiff has not adequately pled an underlying claim for relief, her declaratory relief claim cannot stand alone" and is "subject to dismissal."). Thus, a claim for declaratory relief fails where the underlying claim fails. *Markowitz v. United Parcel Serv., Inc.*, No. SACV 15-1367 AG (DFMx), 2016 WL 3598728, at *8 (C.D. Cal. July 1, 2016), *aff'd*, 711 F. App'x 430 (9th Cir. 2018). Here, as discussed *supra*, Plaintiffs' claim for declaratory relief is wholly derivative of their misappropriation claims, both of which are non-viable. Compl. ¶¶ 121, 123. Accordingly, the declaratory relief claim should be dismissed. *Eurolog Packing Grp.*

---

[3] In addition, under California law, "there is no separate and distinct tort cause of action for civil conspiracy." *Ent. Rsch. Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1228 (9th Cir. 1997) (citing *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 513 (1994)). In other words, "a civil conspiracy does not give rise to a cause of action unless an independent civil wrong has been committed." *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1062 (2006). Because Plaintiffs failed to adequately plead any underlying tort, their civil conspiracy claim must also fail. *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 208 (9th Cir. 1991) (applying California law to conclude that a conspiracy claim failed because underlying tort was not actionable); *Liberty City Movie, LLC v. U.S. Bank, N.A.*, 824 F. App'x. 505, 508 (9th Cir. 1991); *The Kind & Compassionate v. City of Long Beach*, 2 Cal. App. 5th 116, 130 (2016) ("Because, as we have seen, the complaint does not sufficiently allege any tort claims, the cause of action for civil conspiracy cannot stand.").

-11-

1  *, N. Am., LLC v. EPG Indus., LLC.*, No. 18-02982-VAP (JEMx), 2018 WL 6333685, at *5 (C.D.

2  Cal. Oct. 17, 2018).

3  **C.**   **Plaintiffs' First and Second Claims for Misappropriation of Trade Secrets Under the DTSA and CUTSA Fail as Plaintiffs Do Not Sufficiently Allege the Existence of Protectable Trade Secrets**

4

5        To state a claim under the DTSA, Plaintiffs must plead (1) ownership of a trade secret,

6  (2) that was misappropriated by defendant, and (3) which caused damage to Plaintiffs.  *AlterG, Inc.*

7  *v. Boost Treadmills LLC*, 388 F. Supp. 3d 1133, 1144 (N.D. Cal. 2019).  The DTSA defines a

8  "trade secret" as information that "(A) the owner thereof has taken reasonable measures to keep

9  . . . secret; and (B) . . . derives independent economic value, actual or potential, from not being

10  generally known to, and not being readily ascertainable through proper means by, another person

11  who can obtain economic value from the disclosure or use of the information."  18 U.S.C. §

12  1839(3).  DTSA and CUTSA claims may be analyzed together "because the elements are

13  substantially similar."  *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 657 (9th Cir.

14  2020).  And, Courts within this Circuit regularly do so.  *GA Telesis, LLC v. Salesforce.com, Inc.*,

15  No. 21-cv-02701-AGT, 2021 WL 5178803, at *1 (N.D. Cal. Nov. 8, 2021); *Upstrem, Inc. v.*

16  *BHFO, Inc.*, No. 20-CV-2160-JLS (DEB), 2021 WL 2038324, at *3 (S.D. Cal. May 21, 2021).

17  Here, Plaintiffs' First and Second Causes of Action for Misappropriation of Trade Secrets under

18  the DTSA and CUTSA should be dismissed for failure to state a claim as Plaintiffs fail to plead

19  with particularity the existence of a protectable trade secret.[4]

20        To plead the existence of a trade secret, a complaint should "describe the subject matter of

21  the trade secret with sufficient particularity to separate it from matters of general knowledge in

22  the trade or of special persons who are skilled in the trade, and to permit the defendant to

23

---

24  [4] The Fourth through Eighth Causes of Action can be preempted and dismissed (*see supra* Section IV.B.1) even where, as here, the CUTSA claim itself is defectively plead.  It is well settled that

25  alternative claims may be preempted even if the underlying CUTSA claim is not viable.  *See Silvaco*, 184 Cal. App. 4th at 237 ("A statute may supersede other causes of action even though it

26  does not itself provide relief on a particular set of facts."); *Chang v. Biosuccess Biotech Co., Ltd.*,76 F. Supp. 3d 1022, 1043 (C.D. Cal. 2014) ("To permit otherwise would allow plaintiffs to

27  avoid the preclusive effect of CUTSA (and thereby plead potentially more favorable common-law claims) by simply failing to allege one of the elements necessary for information to qualify as a

28  trade secret.") (quoting *Sunpower Corp. v. SolarCity Corp.*, No. 12-CV-00694-LHK, 2012 WL 6160472, at *5 (N.D. Cal. Dec. 11, 2012)).

-12-

1   ascertain at least the boundaries within which the secret lies." *AlterG, Inc.*, 388 F. Supp. 3d at

2   1144 (citation omitted).  Specifically, the pleading "must contain enough specificity to provide

3   both the Court and defendants with 'notice of the boundaries of this case.'" *Invisible DOT, Inc. v.*

4   *Dedecker*, No. 2:18-cv-08168-RGK-RAO, 2019 WL 1718621, at *4 (C.D. Cal. Feb. 6, 2019)

5   (collecting cases).

6           Here, Plaintiffs fail to allege with specificity what the purported trade secret encompasses.

7   Instead, Plaintiffs list a multitude of items that could be included as part of the trade secret stating

8   that the trade secret ***includes but is not limited to*** "source code, object code, executable code,

9   design and development information and implementation information . . ."[5] Compl. ¶ 59.  Such

10  vague and nebulous categories are hardly sufficient to qualify as a trade secret.  *Swarmify*, 2018

11  WL 1142204, at *3 ("lay[ing] wholesale claim to such nebulous, sweeping categories as 'research

12  and information,' 'methods for implementing,' and 'vendors' does "not even come close to

13  identifying plausible trade secrets with 'reasonable particularity' as required by [California CCP]

14  Section 2019.210.")  Nor is it sufficient for Plaintiffs to simply claim that its "products and

15  services,…[which] facilitate online transaction processing in a way that is auditable" are trade

16  secrets.  Compl. ¶ 59.  At best, Plaintiffs' allegations amount to some generic idea and no more.

17  The "*plaintiff must not only identify the end product manufactured* [here, the "'zero knowledge

18  based' ledger database, a peer-to-peer lending platform, financial regulatory platform, a security

19  issuance and transactional platform, a selective disclosure identity system, a commercial banking

20  ledger system, a zero knowledge data warehouse, a zero knowledge rollup." *id.*], *but also supply*

21  *sufficient data concerning the process*, without revealing the details of it, to give both the court and

22  the defendant reasonable notice." *Pellerin v. Honeywell Int'l, Inc.*, 877 F. Supp. 2d 983, 988 (S.D.

23  Cal. 2012) (finding that plaintiff failed to plead a trade secret where it simply described the end

24  product, and not the process it claimed was a trade secret).  Without this specificity, Plaintiffs'

25  trade secret claims must fail.

26  ──────────────

[5] Plaintiffs' "includes but not limited to" allegation is particularly problematic because it fails to
27  allege the specific trade secret at issue, improperly requiring Defendants to guess as to what
    additional trade secret may exist.  *See Swarmify, Inc. v. Cloudflare, Inc.,* No. 17-06957-WHA,
28  2018 WL 1142204, at *3 (N.D. Cal. Mar. 2, 2018) (pleading trade secret as "elusive moving
    target" is not permitted).

-13-

1

### D.    **Plaintiffs' Third Claim for Trade Libel Is Insufficiently Pled**

2

Under California law, a cause of action for trade libel requires special damages in the

3

form of pecuniary loss. *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp.

4

2d 1035, 1043-44 (C.D. Cal. 1998) (quoting *Leonardini v. Shell Oil Co.*, 216 Cal. App. 3d 547,

5

572 (1989)); *Nichols v. Great Am. Ins. Companies*, 169 Cal. App. 3d 766, 773 (1985).  Under

6

federal pleading requirements, "[i]f an item of special damage is claimed, it must be specifically

7

stated."  Fed. R. Civ. P. 9(g).  Plaintiffs' sparse and conclusory allegations concerning damages as

8

a result of Defendants' alleged trade libel fail to meet this pleading requirement.  Plaintiffs merely

9

allege that they suffered "direct financial harm."  Compl. ¶ 86.  This inability to provide a specific

10

damages figure as a result of Defendants' alleged trade libel is fatal to this count.  *First*

11

*Advantage*, 569 F. Supp. 2d at 938 (dismissing claim because plaintiff failed to allege specific

12

damages for the claim based on trade libel); *Cont'l D.I.A. Diamond Prods., Inc. v. Dong Young*

13

*Diamond Indus. Co., Ltd.*, No. 08-02136 SI, 2009 WL 330948, at *6 (N.D. Cal. Feb. 10, 2009)

14

("To state a claim for trade libel, [plaintiff] must also allege the pecuniary value of the lost

15

business.").

16

Furthermore, to state a claim for trade libel, a plaintiff is required to identify the author or

17

speaker, recipient, time, and location of each allegedly libelous statement.  *Eldorado Stone, LLC*

18

*v. Renaissance Stone, Inc.*, No. 04-cv-2562 JM (LSP), 2005 WL 5517731, at *3 (S.D. Cal. Aug.

19

9, 2005); *Films of Distinction, Inc. v. Allegro Film Prods., Inc.*, 12 F. Supp. 2d 1068, 1081 n.8

20

(C.D. Cal. 1998) ("In the Ninth Circuit, a … trade libel claim must be based on specific

21

statements, and the defamatory character of the language must be apparent from the words

22

themselves.") (citation and internal quotation marks omitted).  Here, Plaintiffs fail to identify a

23

single specific instance of any allegedly libelous statement.  Instead, Plaintiffs group together

24

multiple defendants and state that they made allegedly false statements to unnamed "employees",

25

"consultants," "partners," "investors," and "a person other than Plaintiffs."  Compl. ¶¶ 47, 51, 54,

26

82.  Notably, Plaintiffs fail to identify any specific speaker or recipient of any false statements, let

27

alone the time, location, or content of any allegedly libelous statement.  Accordingly, the

28

allegations are insufficient to state a claim for trade libel.  *First Advantage*, 569 F. Supp. 2d at

-14-

937; *Code Rebel, LLC v. Aqua Connect, Inc.*, No. 13–4539 RSWL (MANx), 2013 WL 5405706, at *4 (C.D. Cal. Sept. 24, 2013) (dismissing trade libel claim for failure to plead with the requisite particularity, including the specific time and location of each alleged statement).

### E.  Plaintiffs' Claims Against McCarty Should Be Dismissed for Failure to Comply with FRCP 8

Plaintiffs' lack of specific allegations against McCarty is independently fatal to the Complaint.  Under FRCP 8(a), "undifferentiated pleading against multiple defendants is improper." *Corazon v. Aurora Loan Servs., LLC*, No. 11-00542 SC, 2011 WL 1740099, at *4 (N.D. Cal. May 5, 2011); *see also In re Sagent Tech., Inc.*, 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003) ("[T]he complaint fails to state a claim because plaintiffs do not indicate which individual defendant or defendants were responsible for which alleged wrongful act."); *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (lumping together multiple defendants in one broad allegation fails to satisfy notice requirement of Rule 8(a)).

Here, there are zero allegations specific to McCarty or McCarty's conduct.  None. Instead, Plaintiffs repeatedly group all of the named defendants together (*see, e.g.,* Compl. ¶¶ 35-36, 64, 75) to allege the claims, but such group pleading is improper and fails to put McCarty on notice of the facts alleged against him.  Because there are no factual allegations tying McCarty to the alleged wrongdoing, each and every claim against him fails as a matter of law.

### F.  This Action Should be Dismissed Under the *Colorado River* Doctrine

The Supreme Court has long recognized the power of a district court to dismiss litigation "due to the presence of a concurrent state proceeding[.]"  *Colo. River*, 424 U.S. at 818; *see also R.R. St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 977-78 (9th Cir. 2011) ("[T]he presence of a concurrent state proceeding permit[s] the district court to dismiss a concurrent federal suit…") (internal quotation marks omitted).  The *Colorado River* abstention doctrine authorizes federal courts to defer to "parallel state proceedings where doing so would serve the interests of wise judicial administration, giving regard to the conservation of judicial resources and comprehensive disposition of litigation."  *Krieger v. Atheros Commc'ns, Inc.*, 776 F. Supp. 2d 1053, 1057 (N.D. Cal. 2011); *Colo. River*, 424 U.S. at 818.  A *Colorado River* dismissal is appropriate where, as

-15-

1  here, the parallel state and federal actions are "substantially similar." *See Seneca Ins. Co. v.*

2  *Strange Land, Inc.*, 862 F.3d 835, 845 (9th Cir. 2017) ("[S]ufficiently similar claims are a

3  necessary precondition to *Colorado River* abstention…").

4       Once this threshold requirement has been met, the Court then must assess eight factors to

5  determine whether the federal case should be dismissed:

> (1) which court first assumed jurisdiction over any property at stake; (2) the
> inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation;
> (4) the order in which the forums obtained jurisdiction; (5) whether federal law or
> state law provides the rule of decision on the merits; (6) whether the state court
> proceedings can adequately protect the rights of the federal litigants; (7) the desire to
> avoid forum shopping; and (8) whether the state court proceedings will resolve all
> issues before the federal court.

10  *See Seneca*, 862 F.3d at 841-42; *R.R. St. & Co.*, 656 F.3d at 978-79.  Here, the overwhelming

11  majority of the relevant factors favor a dismissal of this instant action in favor of the parallel State

12  Court Action.

### 1.       This Action Is Substantially Similar to the State Court Action

14       As a threshold matter, this action and the parallel State Court Action are "substantially

15  similar."  *Seneca*, 862 F.3d at 845.  Courts have held state and federal proceedings to be

16  "substantially similar" when they "arise out of the same alleged conduct and when they involve

17  'substantially the same parties' and 'are premised on the same interactions between the parties[.]'"

18  *Brito v. New United Motor Mfg., Inc.*, No. 06-cv-06424-JF, 2007 WL 1345197, at *3 (N.D. Cal.

19  May 8, 2007) (internal citation omitted); *Goodin v. Vendley*, 356 F. Supp. 3d 935, 944 (N.D. Cal.

20  2018) (state and federal proceedings are substantially similar when "substantially the same parties

21  are contemporaneously litigating substantially the same issues in another forum") (citation

22  omitted).  Exact parallelism is not required.  *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir.

23  1989).

24       Here, this action and the State Court Action undoubtedly satisfy this threshold

25  requirement.  Both cases are substantively identical lawsuits brought by the same Plaintiffs

26  involving similar causes of action against numerous overlapping defendants that are based on the

27  same underlying claims.  In both actions, Plaintiffs allege that the defendants previously worked

28  for the Plaintiffs, misappropriated Findora source code and technology, and have otherwise

-16-

interfered with Plaintiffs' business and relationships.  Indeed, Plaintiffs in this action and the

State Court Action each assert claims for trade secret misappropriation, tortious interference with

contractual relations, civil conspiracy, and declaratory relief.  Compl. ¶¶ 58-79, 88-101, 115-119,

120-123; Han Decl., Ex. B ¶¶ 45-48, 49-53, 54-61, 94-101.  Both actions also arise out of the

same underlying conduct—Defendants' alleged misappropriation of Plaintiffs' trade secrets and

subsequent alleged interference with Plaintiffs' employees, advisors, consultants, and investors

following the individual Defendants departure from the Plaintiffs' employ.  *See generally* Han

Decl., Ex. B.  Furthermore, both actions involve Temujin DE and Temujin Cayman as Plaintiffs,

and Fisch and Lu as individual Defendants.  Compl. ¶¶ 5-6; Han Decl., Ex. B ¶¶ 3-4.  Given the

substantial similarities between this case and State Court Action, these actions clearly meet the

threshold requirement.  *ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 56 F. Supp. 3d 1121, 1149

(C.D. Cal. 2014) (finding threshold requirement met "[b]ecause there is substantial overlap

between the factual allegations, legal issues, and relief sought in the state and federal actions.").

### 2.    The *Colorado River* Factors Favor a Dismissal

As demonstrated below, the *Colorado River* factors also weigh in favor of a dismissal.[6]

**Third Factor**:  Under the third *Colorado River* factor, this action and the State Court Action

constitute "piecemeal litigation," which occurs when "different tribunals consider the same issue,

thereby duplicating efforts and possibly reaching different results."  *Seneca*, 862 F.3d at 842

(citation omitted); *see also Fireman's Funds Ins. Co. v. Ignacio*, 860 F.2d 353, 354 (9th Cir. 1998)

("The fact that another action, involving substantially the same issue, is pending in a state or federal

court is a potent factor in discretionary refusal to assume jurisdiction.") (citation omitted); *Riley v.

City of Richmond*, No. C-13-4752 MMC, 2014 WL 5073804, at *3 (N.D. Cal. Oct. 9, 2014)

(determining that the third factor weighed in favor of a dismissal or stay because the plaintiff sought

to litigate the same issue in both cases).

Here, the parallel proceedings at issue both require the adjudication of overlapping legal

---

[6] The first and second *Colorado River* factors are neutral here because this dispute does not involve real property (First Factor), and because the state and federal forums—San Jose, CA and Oakland, CA, less than approximately 50 miles apart—should be equally convenient to the parties (Second Factor).  *See R.R. St. & Co.*, 656 F.3d at 979.

claims—trade secret misappropriation, tortious interference with relations, and conspiracy—that arise out of the same underlying facts, seek the same remedies, and involve substantially the same parties.  Compl. ¶¶ 58-79, 88-101, 115-119, 120-123; Han Decl., Ex. B at ¶¶ 45-48, 49-53, 54-61, 94-101.  Each action will waste precious judicial resources while the parties litigate the same issues in multiple forums, creating a legitimate risk of inconsistent rulings and duplicative discovery.  This is exactly the type of piecemeal litigation courts have the discretion to prevent, and a dismissal would therefore be an appropriate remedy to avoid redundant litigation of the same issues and its accompanying risks.  *R.R. St. & Co.,* 656 F.3d at 979-80 (upholding a *Colorado River* dismissal to avoid piecemeal litigation).

In addition, it is important to note that Plaintiffs' own actions have created this piecemeal litigation situation.  Instead of simply amending their complaint in the State Court Action to add potential parties or allegations (which would have been the proper course of conduct), Plaintiffs filed ***two*** additional actions involving the same issues.  *See* Han Decl., Ex. C; Dkt. No. 1.  Plaintiff's decision is especially egregious in light of the fact they later amended their complaint in the State Court Action on January 21, 2022 ***after*** filing the SF Action and the instant action.  Han Decl., Ex. B.  In other words, Plaintiffs could have tried to amend the State Court Action complaint but chose to file two new cases in different courts instead.

**Fourth Factor**:  The fourth *Colorado River* factor considers: (i) which action was filed first; and (ii) how much progress has been made in each action.  *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 (1983); *Am. Int'l Underwriters (Phil.), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988) ("[P]riority is not measured exclusively in terms of which complaint was filed first, but rather in terms of how much progress was actually made in the state and federal actions.").  It must be stressed that in *Colorado River*, the "apparent absence of any proceedings in the District Court, other than the filing of the complaint" weighed in favor of dismissal. *Colo. River*, 424 U.S. at 820.

Here, not only was the State Court Action initiated over a year before this action, but it has also progressed significantly more than this action.  There have been multiple cross-complaints, responses and challenges to various pleadings, answers to cross-complaints,

-18-

1   negotiation of a protective order, and extensive party and third party discovery in the State Court

2   Action.  The state court has also held numerous case management conferences to manage the

3   progress of that case.  On the other hand, in this action, the parties have not even held an initial

4   case management conference nor begun discovery—the only pertinent filing is Plaintiffs' initial

5   complaint and this motion to dismiss.  Thus the fourth *Colorado River* factor favors dismissing

6   this action.  *Am. Int'l Underwriters,* 843 F.2d at 1259 ("In the present case, [plaintiff] should…be

7   bound by its initial choice of the state forum, given the substantial progress that has occurred in

8   the state court litigation."); *Ryder Truck Rental, Inc. v. Acton Foodservices Corp.*, 554 F. Supp.

9   277, 280-81 (C.D. Cal. 1983) ("[T]he fact that state court jurisdiction was invoked first weighs

10  heavily towards justifying a stay or dismissal of the parallel federal action.").

11         **Fifth Factor**:  Where state law governs the decision on identical claims in both actions,

12  the fifth *Colorado River* factor favors dismissal.  *See Gallagher v. Dillon Grp. 2003-I*, No. CV-

13  09-2135-SBA, 2010 WL 890056, at *4-5 (N.D. Cal. Mar. 8, 2010) (finding this factor to weigh in

14  favor of a dismissal because the "presence of federal claims carries little weight in a *Colorado*

15  *River* motion where the state law claims subsume the federal claims, and the two are based on the

16  same discovery").  There is no dispute that California law governs the core claims in both the

17  State Court Action and this action.  Besides Plaintiff's DTSA claim (the elements of which are

18  "substantially similar" to Plaintiffs' CUTSA claim— *InteliClear*, 978 F.3d at 657) that was

19  transparently added solely to invoke federal jurisdiction, California law provides the rule of

20  decision for all of the overlapping claims brought in both actions, which favors a dismissal under

21  the fifth *Colorado River* factor.  *Daugherty v. Oppenheimer & Co.*, No. C 06-7725-PJH, 2007

22  WL 1994187, at *6 (N.D. Cal. Jul. 5, 2007) (fifth factor weighs in favor of a dismissal or stay

23  because California state law controls claims); *Krieger*, 776 F. Supp. 2d at 1063.

24         **Sixth Factor**:  Under the sixth *Colorado River* factor, the court considers "whether the

25  state court might be unable to enforce federal rights."  *Seneca*, 862 F.3d at 845; s*ee Travelers*

26  *Indem. Co. v. Madonna*, 914 F.2d 1364, 1370 (9th Cir. 1990) ("This factor involves the state

27  court's adequacy to protect *federal* rights").  In this action, Plaintiffs' only cause of action

28  concerning federal rights is their misappropriation of trade secrets claim under the DTSA.

-19-

Compl. ¶¶ 58-68.  Again, the DTSA claim relies on the same underlying conduct as Plaintiffs'

CUTSA claim, and the elements of the state and federal claims are "substantially similar."

*InteliClear*, 978 F.3d at 657.  There is no reason to believe that the State Court Action will fail to

adequately protect Plaintiffs' purported rights.  In the event of dismissal here, Plaintiffs will have

a full and fair opportunity to litigate their CUTSA trade secret claim, which relies on the same

conduct and elements as their DTSA claim.

**Seventh Factor**:  The seventh *Colorado River* factor involves "the desire to avoid forum

shopping."  *Seneca*, 862 F.3d at 841 (citation omitted).  "<u>This factor weighs strongly in favor of

abstention</u>."  *Nakash*, 882 F.2d at 1417 (emphasis added).  The Ninth Circuit has repeatedly

affirmed a *Colorado River* dismissal or stay when it was "readily apparent that the federal

plaintiff was engaged in forum shopping."  *R.R. St. & Co.,* 656 F.3d at 981; *Am. Int'l

Underwriters*, 843 F.2d at 1255-56 (plaintiff bringing suit in federal court after initially

proceeding for extended time in state court found to be forum shopping warranting dismissal);

*Nakash*, 882 F.2d at 1417 (abstention warranted where plaintiff brought claims in federal court

after several years of litigating in state court).  It is difficult to conceive of another situation where

forum shopping is so clearly at play by a plaintiff.

Indeed, ***over a year prior*** to initiating this action, on November 6, 2020, Plaintiffs filed the

State Court Action against three individuals including two of the Defendants here (Fisch and Lu)

with substantially similar allegations to those made in the Complaint in this matter.  Han Decl.,

Ex. A.  Then, on November 19, 2021, Plaintiffs filed the SF Action against the same group of

defendants here and with virtually identical allegations as those made in this lawsuit.  Han Decl.,

Ex. C.  Almost a week later, on November 24, 2021, Plaintiffs next filed the instant Complaint in

this Court against the same group of defendants as the SF Action.  Dkt. No. 1.  To avoid alerting

any of the involved courts to their forum shopping, Plaintiffs failed to file notices of related cases

in any of the three actions, and in the Civil Cover Sheet for this case, specifically selected San

Francisco/Oakland divisional assignment even though there was another related case involving

another party in the San Jose Division (the Abittan Action referred to in *supra* note 1).

These series of steps taken by Plaintiffs epitomize forum shopping.  Perhaps what is most

disturbing and ironic about Plaintiffs' actions is that the Plaintiffs, represented by the same counsel involved here, challenged the propriety of the related Abittan Action and tried to dismiss that case under the *Colorado River* doctrine.  Han Decl., Ex. D.  In opposing a motion to stay under the *Colorado River* doctrine in that action, Temujin Cayman contended that Ariel Abittan engaged in "blatant forum shopping" and stated that maintaining a parallel federal action is "improper in light of the concurrent state court litigation," and that the Abittan Action "should be *dismissed* rather than *stayed*."  *Id.* at 1 (Temujin Cayman argued that, because Abittan "is seeking the same relief in this action that he is seeking…in the state court action, there is no reason to keep the federal action open under a 'stay.'  Rather, this court should simply dismiss Abittan's federal action–as the court did in *Colorado River*–and allow the parties to litigate their claims in the state court proceedings.").  Similarly, in their Joint Case Management Statement filed in the Abittan Action, Plaintiffs argued that "rather than stay this action . . . this Court should dismiss the action and allow the claims at issue in this case to be litigated in the state forum currently pending in Santa Clara County Superior Court."  Han Decl., Ex. E at 7.  Plaintiffs should be held to the exact same standard here.

Simply put, Plaintiffs' overt attempts to forum shop by filing ***three*** repetitive lawsuits relying on the same underlying facts and circumstances—each in a separate forum—weigh strongly in favor of granting dismissal of this action.  *Brito*, 2007 WL 1345197, at *5 ("[T]he procedural posture of this case and of the state action gives rise to a strong inference of forum shopping, adding further support to a stay or dismissal of the instant action."); *Jolly v. Intuit Inc.*, 485 F. Supp. 3d 1191, 1205 (N.D. Cal. 2020) (declining jurisdiction under *Colorado River*, in part, because of "serious concerns about…forum shopping").

**Eighth Factor**:  Finally, the eighth *Colorado River* factor—whether the state court proceedings will resolve all issues—favors dismissal if the state court proceeding "sufficiently parallels the federal proceeding."  *R.R. St. & Co.*, 656 F.3d at 982.  Courts have made clear that "exact parallelism" is not required; rather, "it is sufficient if the proceedings are 'substantially similar.'"  *Montanore Mins. Corp. v. Bakie,* 867 F.3d 1160, 1170 (9th Cir. 2017) (citation omitted).  Proceedings are "sufficiently parallel" when "they concern[] the same relevant conduct

-21-

1    and name[] the same pertinent parties." *Id.*; *see also Walker v. MB Fin. Bank, N.A.*, No. C 13-

2    03601 LB, 2014 WL 173187, at *4 (N.D. Cal. Jan. 15, 2014) ("[W]hile the [state action] may not

3    resolve…individual claims, it likely will resolve the issues that underlie them.").

4            Here, there is no doubt that the State Court Action sufficiently parallels this case because

5    both actions "concern[] the same relevant conduct and name[] the same pertinent parties."

6    *Montanore,* 867 F.3d at 1170.  This action and the State Court Action arise out of the same

7    underlying conduct—Defendants' alleged misappropriation of Plaintiffs' trade secrets and

8    subsequent alleged interference with Plaintiffs' relations and business.  As far as the pertinent

9    parties, each action involves Temujin DE and Temujin Cayman as Plaintiffs, and Fisch and Lu as

10   Defendants.  Compl. ¶¶ 5-6; Han Decl., Ex. B ¶¶ 3-4.  Further, since the State Court Action and

11   this action rely on virtually identical factual allegations involving the same parties, the outcome of

12   the State Court Action will effectively preclude the parties from re-litigating the same issues

13   before this Court.  *See, e.g.*, *Watson v. County of Santa Clara*, No. C-06-04029 RMW, 2010 WL

14   2077171, at *2 (N.D. Cal. May 20, 2010) (citation omitted) ("Collateral estoppel, or issue

15   preclusion, precludes the re-litigation of issues that were actually tried and decided in prior

16   proceedings.").  Resolution of the State Court Action will resolve the principal legal questions

17   before this Court, *i.e.* whether Defendants' misappropriated Plaintiffs' information or interfered

18   with Plaintiffs' business.  *See Goodin*, 356 F. Supp. 3d at 948 (declining jurisdiction under *Colorado*

19   *River* because "state court claims based on the same allegations alleged in [the federal action] will

20   resolve the legal question of whether the [d]efendant's conduct amounts to misappropriation[.]").

21           In short, because of the extensive overlap between the actions, the rulings and judgments

22   in the State Court Action will ensure "comprehensive disposition" of the underlying issues.  *Colo.*

23   *River*, 424 U.S. at 817.  Accordingly, this action should be dismissed.

24   **G.      In the Alternative, This Court Should Stay this Action Under Either *Colorado***
         **    *River* or *Landis***

25           Alternatively, in the event that this Court does not dismiss this action under *Colorado*

26   *River*, the Court should stay the instant action in favor of the parallel State Court Action for the

27   reasons discussed above.  The *Colorado River* doctrine also authorizes district courts to stay

28

-22-

1   litigation "due to the presence of a concurrent state proceeding." *Colo. River*, 424 U.S. at 818;

2   *see also Nakash*, 882 F.2d at 1415 ("[I]n certain circumstances, a federal court may stay its

3   proceedings in deference to pending state proceedings."); *Privitera v. Cal. Bd. of Med. Quality*

4   *Assurance*, 926 F.2d 890, 896 (9th Cir. 1991) ("The purpose of a *Colorado River* stay is to avoid

5   duplicative litigation[.]").  As demonstrated above, the *Colorado River* factors decisively weigh

6   in favor of declining jurisdiction and thus a stay is warranted, even if the Court declines to

7   dismiss the action.  *Nakash*, 882 F.2d at 1415 (declining to exercise jurisdiction because the

8   "majority of relevant factors support a stay in this case"); *Goodin*, 356 F. Supp. 3d at 949 (same).

9          In addition, this Court can also stay this action pursuant to its inherent discretion to manage

10   its docket under *Landis*, 299 U.S. at 248.  *See United Specialty Ins. Co. v. Bani Auto Grp., Inc.*,

11   No. 18-cv-01649-BLF, 2018 WL 5291992, at *8 (N.D. Cal. Oct. 23, 2018) (granting stay of

12   proceedings based on court's inherent power to manage docket); *Ezeude v. PayPal, Inc.*, No. 17-

13   CV-02558-LHK, 2017 WL 5479654, at *3 (N.D. Cal. Nov. 15, 2017) ("A district court has the

14   inherent power to stay its proceedings."); *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857,

15   863 (9th Cir. 1979) (same).  The relevant factors informing the Court's discretion are:  (1) "the

16   possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which

17   a party may suffer in being required to go forward"; and (3) "the orderly course of justice

18   measured in terms of the simplifying or complicating of issues, proof, and questions of law which

19   could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1113 (9th Cir.

20   2005).  Here, the factors favor a stay.

21          **Plaintiffs will suffer no damages from a stay**:  In determining whether a stay is

22   warranted under the first factor, "courts consider the potential prejudice to the non-moving party."

23   *United States v. Kiewit Pac. Co.*, 41 F. Supp. 3d 796, 815 (N.D. Cal. 2014).  This case is "still at a

24   very early stage," which mitigates the risk of losing evidence or upsetting settled expectations.

25   *Hernandez v. San Gabriel Temp. Staffing Servs., LLC,* No. 17-CV-05847-LHK, 2018 WL

26   1582914, at *9 (N.D. Cal. Apr. 2, 2018)*.  Plaintiffs will be able to continue pursuing their claims

27   and obtaining discovery through their earlier-filed State Court Action during the pendency of any

28   stay. *See Hernandez v. City of San Jose*, No. 16-CV-03957, 2017 WL 2081236, at *15 (N.D. Cal.

May 15, 2017) (holding that where party can proceed with claims in state court, "there is no risk that critical evidence will be lost or forgotten"). Finally, because Plaintiffs are the same plaintiffs in the State Court Action, Plaintiffs "will have access to the same or substantially identical discovery in both cases." *Kiewit*, 41 F. Supp. 3d at 815 (party was unable to make a "strong showing of prejudice" because it was a party in both actions and had access to identical discovery in both cases). Thus, this factor strongly favors a stay.

**Defendants will suffer hardship and inequity absent a stay**: If the case were to proceed, Defendants will suffer significant hardships and inequity. They will be significantly harmed by being forced to litigate the same complex issues in an additional forum, which includes significant duplicative motion practice regarding the same substantive issues in state court and then again in this Court, potential highly overlapping hearings and trials, and expending considerable duplication of efforts. *Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Rudolph & Sletten, Inc.*, No. 20-CV-00810-HSG, 2020 WL 4039370, at *8 (N.D. Cal. July 17, 2020) (finding "no doubt" that defendants would be prejudiced in having to fight a "two-front war"). Defendants would also be harmed by being forced to engage in overlapping and highly cumbersome discovery, including the potential for depositions of the same witnesses. *See Arris Enters. LLC v. Sony Corp.*, No. 17-CV-02669-BLF, 2017 WL 3283937, at *2 (N.D. Cal. Aug. 1, 2017) (finding that the potential burden stemming from duplicative efforts weighed in favor of granting a stay where defendant would otherwise be "required to litigate 'essentially two separate actions with overlapping and duplicative discovery'"). Additionally, Defendants would be harmed by litigating duplicative actions that could result in conflicting factual determinations and rulings. *See Klein v. Cook,* No. 5:14-CV-03634-EJD, 2015 WL 2454056, at *4 (N.D. Cal. May 22, 2015*)* (finding the potential prejudice to defendants "that could result from conflicting rulings" weighs in favor of a stay). Accordingly, the hardship to Defendants supports a stay.

**A stay will promote the orderly course of justice**: The third factor favors a stay when, as here, the Court would be forced to (i) "preside over parallel proceedings over largely overlapping issues," *Zurich Am. Ins. Co. v. Omnicell, Inc.*, No. 18-CV-05345-LHK, 2019 WL 570760, at *6 (N.D. Cal. Feb. 12, 2019); (ii) permit a "case to go forward [that] would be duplicative" of another

pending case; and (iii) "risk[] inconsistent rulings on the same issues." *Ezeude*, 2017 WL 5479654, at *4. This factor further favors a stay when "not staying the case would waste judicial resources." *Anderson v. McKesson Corp.*, No. C 13-3104 SC, 2013 WL 12178062, at *1 (N.D. Cal. Aug. 15, 2013).

That is exactly the case here. Absent a stay, this Court will be forced to adjudicate the very same issues that will be adjudicated in the State Court Action (and risk making rulings inconsistent with those issued by the state court). *See United Specialty Ins. Co.,* 2018 WL 5291992, at *6 (granting a *Landis* stay where the federal court "would have to make factual and legal determinations in this case that would overlap with factual and legal determinations that the state court must [also] make."). A stay of this action would "conserve judicial resources that might otherwise be unnecessarily expended litigating issues in this Court." *San Gabriel Temp. Staffing*, 2018 WL 1582914, at *9; *Gustavson v. Mars, Inc.*, No. 13-cv-04537-LHK, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014) (same).

## V.     **CONCLUSION**

For the foregoing reasons, the Complaint should be dismissed for failing to state a claim as a matter of law, or in the alternative, the Court should dismiss or stay this action under either the *Colorado River* or *Landis* doctrines.

DATED:  March 18, 2022                    PAUL HASTINGS LLP


By: */s/ Edward Han*
                                                              EDWARD HAN

Attorneys for Defendants
Translucence Research, Inc., Benjamin Fisch,
Charles Lu, and Nathan McCarty