EDWARD HAN (SB# 196924)
edwardhan@paulhastings.com
JESSICA E. MENDELSON (SB# 280388)
jessicamendelson@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California  94304
Telephone:      (650) 320-1800
Facsimile:      (650) 320-1900

JENNIFER BALDOCCHI (SB#168945)
jenniferbaldocchi@paulhastings.com
TIMOTHY D. REYNOLDS (SB# 274589)
timothyreynolds@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, California  90071
Telephone:      (213) 683-6000
Facsimile:      (213) 627-0705

Attorneys for Defendants
Translucence Research, Inc., Benjamin Fisch,
Charles Lu, and Nathan McCarty

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEMUJIN LABS INC., a Delaware corporation, and TEMUJIN LABS INC., a Cayman Islands corporation<br><br>Plaintiffs,<br><br>vs.<br><br>TRANSLUCENCE RESEARCH, INC., a Delaware corporation, BENJAMIN FISCH, CHARLES LU, BENEDIKT BÜNZ, NATHAN MCCARTY, FERNANDO KRELL, PHILIPPE CAMACHO CORTINA, BINYI CHEN, AND LUOYUAN (ALEX) XIONG, and DOES 1-20,<br><br>Defendants. | CASE NO. 4:21-cv-09152-JST<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT, OR IN THE ALTERNATIVE, TO STAY CASE**<br><br>Date:       May 26, 2022<br>Time:       2:00 p.m.<br>Courtroom:   Courtroom 6 - 2nd Floor<br>Judge:       Hon. Jon S. Tigar<br><br>Complaint Filed:      November 24, 2021 |

## <u>TABLE OF CONTENTS</u>

Page

I.  INTRODUCTION ......................................................................................... 1

II.  PLAINTIFFS' COMPLAINT FAILS AS A MATTER OF LAW ...................................... 3

    A.  Plaintiffs' Interference, Unfair Competition, Civil Conspiracy, and Declaratory Relief Claims Are Preempted by CUTSA ........................... 3

    B.  The Fourth through Eighth Causes of Action Are Otherwise Fatally Deficient .......................................................................................... 4

    C.  Plaintiffs' Misappropriation of Trade Secrets Claims Are Deficiently Pled .......... 7

    D.  Plaintiffs' Trade Libel Claim Fails As a Matter of Law ................................ 8

    E.  Plaintiffs Fail to Plead Allegations Specific to McCarty ....................... 9

III.  THE *COLORADO RIVER* DOCTRINE INDEPENDENTLY APPLIES TO DISMISS THIS ACTION IN FAVOR OF THE PARALLEL STATE COURT ACTION ................................................................................................. 10

    A.  The State Court Action Is Substantially Similar ................................ 10

    B.  The *Colorado River* Factors Support Dismissal ............................... 12

IV.  IN THE ALTERNATIVE, A STAY IS APPROPRIATE ................................ 15

V.  CONCLUSION ........................................................................................... 15

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Alta Devices, Inc. v. LG Elecs., Inc.*,
5
    343 F.Supp.3d 868 (N.D. Cal. 2018) ...................................................................7

6
*AlterG, Inc. v. Boost Treadmills LLC*,
7
    388 F. Supp. 3d 1133 (N.D. Cal. 2019) ...............................................................4

8
*Am. Int'l Underwriters (Phil.), Inc. v. Cont'l Ins. Co.*,
    843 F.2d 1253 (9th Cir. 1988)...........................................................................13

9
*Angelica Textile Servs., Inc. v. Park*,
10
    220 Cal. App. 4th 495 (2013)..........................................................................3, 4

11
*Anokiwave, Inc. v. Rebeiz*,
    No. 18-CV-629 JLS (MDD), 2018 WL 4407591 (S.D. Cal. Sept. 17, 2018)............3

12

13
*Barkstrong v. Tex. Farm Prods. Co.*,
    No. CV 19-1286-MWF, 2019 WL 6315535 (C.D. Cal. May 6, 2019)....................12

14
*Brito v. New United Motor Mfg., Inc.*,
15
    No. C 06-06424-JF, 2007 WL 1345197 (N.D. Cal. May 8, 2007) ..........................11

16
*Buxton v. Eagle Test Sys., Inc.*,
    No. C-08-04404 RMW, 2010 WL 1240749 (N.D. Cal. Mar. 26, 2010)...................4
17

18
*City of Cotati v. Cashman*,
    29 Cal. 4th 69 (2002) ........................................................................................7

19
*Colo. River Water Conservation Dist. v. United States*,
20
    424 U.S. 800 (1976).................................................................................. *passim*

21
*Columbia Cas. Co. v. Cottage Health Sys.*,
    No. LA CV16-03759-JAK, 2016 WL 10966383
22
    (C.D. Cal. Dec. 2, 2016)....................................................................................13

23
*Corazon v. Aurora Loan Servs., LLC*,
    No. 11-00542 SC, 2011 WL 1740099 (N.D. Cal. May 5, 2011) .........................9, 10
24

25
*Eldorado Stone, LLC v. Renaissance Stone, Inc.*,
    No. 04-cv-2562 JM (LSP), 2005 WL 5517731 (S.D. Cal. Aug. 10, 2005) ...............9

26
*Eurolog Packing Grp., N. Am., LLC v. EPG Indus., LLC.*,
27
    No. 18-02982-VAP, 2018 WL 6333685 (C.D. Cal. Oct. 17, 2018) .........................7

28

-ii-

*First Advantage Background Servs. Corp. v. Private Eyes, Inc.*,
    569 F. Supp. 2d 929 (N.D. Cal. 2008) .......................................................................8

*Gallagher v. Dillon Grp. 2003-I*,
    No. CV-09-2135-SBA, 2010 WL 890056 (N.D. Cal. Mar. 8, 2010).......................12

*Gauvin v. Trombatore*,
    682 F. Supp. 1067 (N.D. Cal. 1988) ....................................................................9, 10

*Glass Egg Digit. Media v. Gameloft, Inc.*,
    No. 17-cv-04165-MMC, 2018 WL 500243 (N.D. Cal. Jan. 22, 2018)......................6

*Godigital Media Grp. v. Godigital, Inc.*,
    No. LACV 17-7796 VAP (MRWx), 2018 WL 4943816
    (C.D. Cal. Mar. 9, 2018) ...........................................................................................6

*Goodin v. Vendley*,
    356 F. Supp. 3d 935 (N.D. Cal. 2018) ...............................................................11, 12

*InteliClear, LLC v. ETC Glob. Holdings, Inc.*,
    978 F.3d 653 (9th Cir. 2020)....................................................................................14

*Junod v. Dream House Mortg. Co.*,
    No. CV 11-7035-ODW, 2012 WL 94355 (C.D. Cal. Jan. 5, 2012)...........................7

*K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*,
    171 Cal. App. 4th 939 (2009).....................................................................................3

*Kelly Inv., Inc. v. Cont'l Common Corp.*,
    315 F.3d 494 (5th Cir. 2002).....................................................................................12

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936)...................................................................................................15

*Levitt v. Yelp! Inc.*,
    765 F.3d 1123 (9th Cir. 2014).....................................................................................6

*Montanore Mins. Corp. v. Bakie*,
    867 F.3d 1160 (9th Cir. 2017)...................................................................................11

*Nakash v. Marciano*,
    882 F.2d 1411 (9th Cir. 1989).............................................................................11, 15

*Neal v. Select Portfolio Servicing, Inc.*,
    No. 5:15-cv-03212-EJD, 2017 WL 1065284 (N.D. Cal. Mar. 20, 2017) ..................7

*Pellerin v. Honeywell Int'l, Inc.*,
    877 F. Supp. 2d 983 (S.D. Cal. 2012) ........................................................................8

*Power Integrations, Inc. v. De Lara*,
   No. 20-cv-410-MMA (MSB), 2020 WL 1467406 (S.D. Cal. Mar. 26, 2020)............................5

*Quelimane Co. v. Stewart Title Guar. Co.*,
   19 Cal.4th 26 (1998) ...................................................................................................................6

*R.R. St. & Co. v. Transp. Ins. Co.*,
   656 F.3d 966 (9th Cir. 2011)....................................................................................................10

*In re Sagent Tech., Inc., Deriv. Litig.*,
   278 F. Supp. 2d 1079 (N.D. Cal. 2003) ................................................................................9, 10

*Schuman v. Ikon Office Sols., Inc.*,
   232 F. App'x 659 (9th Cir. 2007) ...............................................................................................5

*Seneca Ins. Co. v. Strange Land, Inc.*,
   862 F.3d 835 (9th Cir. 2017)....................................................................................................10

*Smith v. Cent. Ariz. Water Conservation Dist.*,
   418 F.3d 1028 (9th Cir. 2005)...................................................................................................12

*Smith v. State Farm Mut. Auto. Ins. Co.*,
   93 Cal. App. 4th 700 (2001)................................................................................................6, 12

*Swarmify, Inc. v. Cloudflare, Inc.*,
   No. 17-06957-WHA, 2018 WL 1142204 (N.D. Cal. Mar. 2, 2018)............................................8

*Swiss Am. Trading Corp. v. Regal Assets, LLC*,
   No. CV 14-04960 DDP, 2015 WL 631569 (C.D. Cal. Feb. 13, 2015) ........................................4

*United InvestexUSA 7 Inc. v. Miller*,
   No. 8:20-cv-02308-JVS-ADS, 2021 WL 6804224 (C.D. Cal. Nov. 10, 2021) ........................14

*United States v. Morros*,
   268 F.3d 695 (9th Cir. 2001)....................................................................................................13

*Wasco Prods., Inc. v. Southwall Techs., Inc.*,
   435 F.3d 989 (9th Cir. 2006)......................................................................................................6

*Waste & Compliance Mgmt., Inc. v. Stericycle, Inc.*,
   No. 17-cv-0967 DSM (NLS), 2017 WL 4358145 (S.D. Cal. Oct. 2, 2017) ................................5

*XPO GF Am., Inc. v. Qiuheng Liao*,
   No. CV 19-4173 PA, 2019 WL 8226077 (C.D. Cal. Sept. 27, 2019)........................................13

**Statutes**

California Bus. & Prof. Code § 17200 ..........................................................................................5

California Uniform Trade Secrets Act ....................................................................................1, 3, 14

-iv-

## I.     **INTRODUCTION**

Plaintiffs' Opposition to Defendants' Motion to Dismiss never directly addresses the elephant in the room—why did Plaintiffs file three different actions in three different courts based on the same underlying allegations?  Instead of answering that basic question, the Opposition simply offers conclusory arguments not supported by law or the actual allegations pled in the Complaint.  As detailed in the Motion to Dismiss, the Complaint should be dismissed in its entirety for two independent reasons.  First, all eight claims fail because they are either preempted or otherwise fail to state a claim.  Second, the *Colorado River* doctrine applies and compels dismissal because the same Plaintiffs, represented by the same law firm, previously filed and continue to pursue a California state court lawsuit in the Superior Court for the County of Santa Clara (the "State Court Action") against some of the same defendants (including movants Charles Lu and Benjamin Fisch) that involve substantively identical allegations.  Plaintiffs' Opposition does nothing to either revive Plaintiffs' legally deficient claims or dissuade application of the *Colorado River* doctrine to dismiss this case in its entirety in favor of the parallel State Court Action.

**The claims fail as a matter of law**.  Plaintiffs' claims for intentional interference with contractual relations, intentional interference with prospective economic advantage, unfair competition, civil conspiracy, and declaratory relief are plainly preempted by the California Uniform Trade Secrets Act ("CUTSA").  Plaintiffs contend these claims are supported by facts independent of their trade secret misappropriation claims, but then fail to support their argument with reference to even a single independent fact.  Rather, Plaintiffs simply point to threadbare recitation of the elements that do not prevent preemption.

However, even if these claims were not preempted (and they are), they still fail.  For example, Plaintiffs' interference with prospective economic advantage claim requires pleading facts identifying the particular third parties with whom Plaintiffs had an economic advantage.  The Opposition concedes this pleading requirement and admits that no particular party is identified in the Complaint.  This concession is fatal.  Similarly, the Opposition contends that Plaintiffs either properly allege certain facts (*e.g.*, a contract with Findora is sufficiently alleged as a third party) or do not need to allege anything more than a generalized recitation of the elements (*e.g.*, the

underlying facts to support a conspiracy or the particular statute or regulation allegedly violated to support an unfair competition claim or even facts to suggest competition is threatened).  The law demands more and because Plaintiffs' Opposition either concedes or fails to address these pleading deficiencies, those claims must be dismissed.

The trade misappropriation claims and trade libel claims fare no better.  While Plaintiffs argue that they "need not spell out the details" of the trade secrets to support a misappropriation theory, the opposite is true.  In fact, even the case law cited by Plaintiffs confirms as much.  And, Plaintiffs concede that to properly allege trade libel, the Complaint must be based on "specific statements" and the defamatory language apparent from the words themselves.  But Plaintiffs reference no specific statements, let alone the words evidencing defamatory conduct.  Put simply, each and every claim is legally deficient under even minimal scrutiny.

**The *Colorado River* doctrine compels dismissal**.  Plaintiffs argue that the doctrine does not apply because the federal action is not sufficiently similar to the State Court Action.  Not so. The State Court Action involves the same Plaintiffs asserting overlapping claims for trade secret misappropriation, interference, and civil conspiracy against a number of the exact same defendants.  Indeed, the actions are based on the same underlying allegations that defendants previously worked for the Plaintiffs, improperly took source code and technology, and otherwise interfered with Plaintiffs' businesses and contracts.

Not only is the "sufficiently similar" threshold plainly met here, applying the eight *Colorado River* factors also demonstrates dismissal is warranted.  Plaintiffs argue that this action alleges a federal trade secret claim differentiating it from the State Court Action, the State Court Action is not significantly further ahead of this action, and the first decision by either court on any particular issue relevant to both cases would have *res judicata* effect on the other case.  Those arguments all fail, and Plaintiffs effectively ***concede*** that the State Court Action will result in piecemeal litigation and potential inconsistent rulings—a fundamental tenet of the *Colorado River* doctrine.  At its core, Plaintiffs' third action in as many venues is an improper forum shopping play that should not be countenanced.  Defendants respectfully request that the Complaint be dismissed in its entirety with prejudice.

## II.     PLAINTIFFS' COMPLAINT FAILS AS A MATTER OF LAW

### A.     Plaintiffs' Interference, Unfair Competition, Civil Conspiracy, and Declaratory Relief Claims Are Preempted by CUTSA

Plaintiffs Fourth through Eighth causes of action for interference, unfair competition, civil conspiracy, and declaratory relief are preempted by CUTSA because each are "based on the same nucleus of facts" as the trade secret claim. MTD at 6-8; *K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal. App. 4th 939, 958 (2009) (citation omitted).  Plaintiffs, however, attempt to couch these causes of action as somehow "independent of any misappropriation of a trade secret," but merely cite to elemental and conclusory statements without any facts let alone a basis independent of Plaintiffs' legally deficient trade secret claim. *See* Opp. at 6.

Plaintiffs refer to Paragraphs 91, 92, 97, 105, 111, and 118 of the Complaint to support their position that claims for interference and unfair competition are independent, but each of those paragraphs specifically includes claims related to Plaintiffs' "technology" or "trade secrets." *Id.* at 5-6.  As the court found in *Anokiwave, Inc. v. Rebeiz*, simply alleging a separate claim does not make that additional claim independent of the trade secret misappropriation claim; ***there must be an independent factual basis***.  No. 18-CV-629 JLS (MDD), 2018 WL 4407591, at *6 (S.D. Cal. Sept. 17, 2018) (finding claims for intentional interference with existing contractual relations, intentional interference with prospective business relations, unfair competition, breach of fiduciary duty, and aiding and abetting a breach of fiduciary duty preempted by CUTSA because claims were based on the same alleged conduct).  Here, Plaintiffs *ipse dixit* of an independent factual basis for the Fourth through Eighth Causes of Action does not make it so.

Plaintiffs' reliance on the *Anokiwave* court's description of *Angelica Textile Servs., Inc. v. Park*, 220 Cal. App. 4th 495, 507 (2013), to argue the claims are independent is misplaced.  Opp. at 4-5.  In *Angelica*, a plaintiff alleged that a former employee retained thousands of pages of documents that plaintiff owned to support a trade secret misappropriation theory.  220 Cal. App. 4th at 499.  Separately, the plaintiff also alleged that defendant disparaged plaintiff to a local bank and, in negotiating a new linen contract with plaintiff's customer, provided certain non-customary rights that the customer agreed to in order to move its business to defendant.  *Id.*  In other words,

-3-

the court in *Angelica* found *factual* allegations that were independent of plaintiff's trade secret misappropriation claim—a disparaging comment to a specific third party bank about plaintiff independent of the trade secret claim *and* a particular new contract between plaintiff's former customer and defendant. *Id.* Here, Plaintiffs cite no facts independent of their trade secret misappropriation claim. As such, the Fourth through Eighth Causes of Action are preempted.

**B.   <u>The Fourth through Eighth Causes of Action Are Otherwise Fatally Deficient</u>**

Notwithstanding Plaintiffs' failure to allege any factual independent basis to avoid preemption, the interference, unfair competition, civil conspiracy, and declaratory relief causes of action are all also legally deficient and must be dismissed.

**The Intentional Interference with Prospective Economic Advantage fails.** Plaintiffs' recitation of the elements without facts to support this claim is insufficient. Opp. at 7-8. Facts are required and here there are none. *Swiss Am. Trading Corp. v. Regal Assets, LLC*, No. CV 14-04960 DDP (ASx), 2015 WL 631569, at *3 (C.D. Cal. Feb. 13, 2015) (finding "bare recitation of the elements" do not suffice to state a claim for intentional interference with prospective economic relations."). Plaintiffs argue that they adequately plead existing economic relationships between Plaintiffs and "advisors, business partners, and investors" but the Complaint never specifies any single third party and such vague references to categorical groups are insufficient under the law. Opp. at 8; *Buxton v. Eagle Test Sys., Inc.*, No. C-08-04404 RMW, 2010 WL 1240749, at *2 (N.D. Cal. Mar. 26, 2010) (failure to allege the existence of "specific economic relationships with identifiable third parties" was fatal); *AlterG, Inc. v. Boost Treadmills LLC*, 388 F. Supp. 3d 1133, 1152 (N.D. Cal. 2019) (holding allegations insufficient where plaintiff identified only "vendors, suppliers, and prospective and current customers").

In addition, Plaintiffs argue that their allegations establish that Defendants' conduct was independently wrongful but fail to articulate how the alleged conduct sufficiently pleads an independent wrongful act. Opp. at 9-10 (alleging Lu demanded $5 million payment and spread rumors and Fisch "threw a bottled water"). Plaintiffs concede that an act is independently wrongful only if it is proscribed by some "constitutional, statutory, regulatory, common law, or other determinable legal standard." Opp. at 9 (citing *Korea Supply Co. v. Lockheed Martin*

-4-

1   *Corp.*, 29 Cal. 4th 1134, 1159 (2003)).  And yet, here, Plaintiffs allege no violation of a statute,

2   regulation, or other legal standard.  The law requires more.  *Power Integrations, Inc. v. De Lara*,

3   No. 20-cv-410-MMA (MSB), 2020 WL 1467406, at *22 (S.D. Cal. Mar. 26, 2020) (dismissing

4   interference with prospective economic advantage cause of action "[b]ecause Plaintiff fails to

5   allege that Defendants acted in a manner 'proscribed by some constitutional, statutory, regulatory,

6   common law, or other determinable legal standard'"); *see also* MTD at 9.

7            **The Intentional Interference with Contractual Relations claim similarly fails**.

8   Plaintiffs argue that their intentional interference with contractual relations survives because they

9   never allege that they are the same as "Findora Foundation Ltd." or that "Findora" and Findora

10  Foundation Ltd. are the same entity.  Opp. at 10.  This semantic gamesmanship misses the mark.

11  Initially, Plaintiffs include numerous allegations about "Findora" and repeatedly refer to Findora

12  interchangeably with Plaintiffs.  *See* MTD at 9-10.  Even setting aside that pleading admission,

13  the law requires more than "threadbare" allegations and requires Plaintiffs to allege the facts that

14  support the breach or disruption.  *Waste & Compliance Mgmt., Inc. v. Stericycle, Inc.*, No. 17-cv-

15  0967 DSM (NLS), 2017 WL 4358145, at *4 (S.D. Cal. Oct. 2, 2017) ("Plaintiff, however, does

16  not explain the facts underlying such breach or disruption. Such 'threadbare' allegations that

17  merely recite the elements of a cause of action cannot withstand a motion to dismiss.") (citation

18  omitted); *see also* MTD at 10.  Accordingly, this claim fails.

19           **Plaintiffs' California Bus. & Prof. Code § 17200 claim is insufficiently pled**.  Plaintiffs

20  argue that they "are not required" to allege which statute or regulation was violated or how the

21  conduct was in violation of the statutes, and instead, are only required to allege that Defendants'

22  acts "threaten[] or harm[] competition."  Opp. at 11.  Plaintiffs are wrong.  First, Plaintiffs plainly

23  rely upon the unlawful prong of this statute.  *See* Compl. ¶ 112 (alleging only that the business acts

24  were unlawful "as described above."); MTD at 10.  Where, as here, a plaintiff alleges that

25  "unlawful" conduct violated Cal. Bus. & Prof. Code § 17200**,** the plaintiff must allege the

26  particular statute or regulation relied upon.  *Schuman v. Ikon Office Sols., Inc.*, 232 F. App'x 659,

27  664 (9th Cir. 2007); *see also* MTD at 10.  Plaintiffs fail to do so and thus this prong fails as a

28  matter of law.  Second, despite Plaintiffs' unsupported rhetoric, they cannot merely allege

1  something was unfair by alleging conduct "threatens or harms competition."  Opp. at 11.  Rather,

2  Plaintiffs must allege the facts that demonstrate "actual or threatened impact" on competition.  *See*

3  *Levitt v. Yelp! Inc*., 765 F.3d 1123, 1136 (9th Cir. 2014) (unfairness must "be tethered to some

4  legislatively declared policy or ***proof of some actual or threatened impact*** on competition")

5  (emphasis added); MTD at 10.  Plaintiffs fail to do so and merely arguing in opposition that "the

6  Complaint is replete with such allegations[]" is not enough.  Opp. at 11; *Godigital Media Grp. v.*

7  *Godigital, Inc.*, No. LACV 17-7796 VAP (MRWx), 2018 WL 4943816, at *4 (C.D. Cal. Mar. 9,

8  2018) ("formulaic recitation[s] of the elements of unfair competition" are insufficient to state a

9  claim) (internal quotation marks and citation omitted).

10      **The Civil Conspiracy claim should be dismissed**.  To support this claim, Plaintiffs argue

11  that "[g]eneral allegations" of a civil conspiracy are sufficient and rely on *Quelimane Co. v.*

12  *Stewart Title Guar. Co.*, 19 Cal. 4th 26, 47-48 (1998).  *See* Opp. at 12.  Not so.  In that case, the

13  California Supreme Court analyzed *price fixing* between competitors as a civil conspiracy and

14  noted that such agreements are rarely put in writing.  *Quelimane Co.*, 19 Cal. 4th at 48.  Here,

15  Plaintiffs do not allege price fixing.  Instead, they rely on vague allegations that Defendants acted

16  "in concert through knowing and mutual agreement."  Compl. ¶ 116; *see* MTD at 11.  The law

17  plainly requires more.  *Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir.

18  2006) (holding that plaintiffs must allege the particular agreement to commit the wrongful act);

19  *Glass Egg Digit. Media v. Gameloft, Inc.*, No. 17-cv-04165-MMC, 2018 WL 500243, at *3 (N.D.

20  Cal. Jan. 22, 2018) ("Such conclusory and collectively pleaded allegations are insufficient to show

21  [defendant]'s involvement in a conspiracy.") (citation omitted); *Smith v. State Farm Mut. Auto.*

22  *Ins. Co.*, 93 Cal. App. 4th 700, 722 (2001) ("[I]n order to sufficiently state a cause of action, the

23  plaintiff must allege in its complaint *certain facts* in addition to the elements of the alleged

24  unlawful act so that the defendant can understand the nature of the alleged wrong and discovery is

25  not merely a blind 'fishing expedition' for some unknown wrongful acts."  (citation omitted)).

26  Plaintiffs' Opposition ignores this pleading deficiency, but it is fatal to civil conspiracy.

27      **The Declaratory Relief claim is deficient.**  Plaintiffs' declaratory relief claim is entirely

28  derivative of Plaintiffs' inadequately pled misappropriation claims.  MTD at 12-13; Compl.

¶¶ 121, 123. Plaintiffs do not disagree, but simply state that "Plaintiffs incorporate their previous allegations in the Complaint." Opp. at 12.[1] This does not change the deficiency of the allegations—the law is unequivocal that the failure of the underlying claim dooms the declaratory relief claim. *Junod v. Dream House Mortg. Co.*, No. CV 11-7035-ODW (VBKx), 2012 WL 94355, at *6 (C.D. Cal. Jan. 5, 2012); *City of Cotati v. Cashman*, 29 Cal. 4th 69, 80 (2002) (finding that declaratory relief arising from another claim cannot exist in the absence of the underlying claim); *Eurolog Packing Grp. , N. Am., LLC v. EPG Indus., LLC.*, No. 18-02982-VAP (JEMx), 2018 WL 6333685, at *5 (C.D. Cal. Oct. 17, 2018).

## C.   Plaintiffs' Misappropriation of Trade Secrets Claims Are Deficiently Pled

Plaintiffs' misappropriation causes of action fail because Plaintiffs fail to specify with any sufficient particularity the trade secret allegedly at issue. *See* MTD at 12-13. In their Opposition, Plaintiffs argue that they have adequately identified their trade secrets to "provide … fair notice of the scope of the trade secrets asserted." Opp. at 14. Plaintiffs rely upon on *Alta Devices, Inc. v. LG Elecs., Inc.*, 343 F. Supp. 3d 868, 881 (N.D. Cal. 2018) to support their assertion that they need not "spell out the details of the trade secret." Opp. at 13-14. *Alta* is not helpful to Plaintiffs. In *Alta*, the court found that the plaintiff had adequately identified the trade secrets at issue because it provided the exact technology in question ("thin-film GaAs solar technology") and then listed in details the types of trade secrets related to this technology ("[m]ethods of[ ] high throughput thin-film deposition; epitaxial lift-off of the thin-film; and GaAs substrate maintenance and re-use"). *Alta*, 343 F. Supp. 3d at 881. Further, the *Alta* court noted that the plaintiff in that case had detailed the confidential information to be protected in an appendix to a non-disclosure agreement that was attached to the complaint. *Alta*, 343 F. Supp. 3d at 881.

Here, in contrast to the detailed facts alleged in *Alta*, Plaintiffs' allegations do not list the technology at issue nor provide details of the types of trade secrets that concern the technology.[2]

---

[1] Plaintiffs argue they "may" seek declaratory relief outside the context of their misappropriations claims. This is improper as it fails to provide notice about what declaratory relief is sought. *Neal v. Select Portfolio Servicing, Inc.,* No. 5:15-cv-03212-EJD, 2017 WL 1065284, at *5 (N.D. Cal. Mar. 20, 2017) ("[T]he FAC does not clarify what exactly Plaintiff seeks to have the court declare. That deficiency alone makes this claim subject to dismissal because without that information, neither the court nor Defendants can determine what dispute is at issue.").

[2] Indeed, while Plaintiffs vaguely allege the existence of "non-disclosure" agreements, Plaintiffs do

-7-

Rather, Plaintiffs' allegations merely list broad categories, including "source code, object code, executable code, design and development information, and implementation information" and characterize that the information "includ[es] but is not limited to" that generally vague description. These generic allegations, that could be used to describe any software or program, plainly fail. *Swarmify, Inc. v. Cloudflare, Inc.,* No. 17-06957-WHA, 2018 WL 1142204, at *3 (N.D. Cal. Mar. 2, 2018) ("nebulous, sweeping categories as 'research and information,' 'methods for implementing,' and 'vendors' does "***not even come close to identifying plausible trade secrets with 'reasonable particularity'*** as required by [California CCP] Section 2019.210.") (emphasis added); *Pellerin v. Honeywell Int'l, Inc.*, 877 F. Supp. 2d 983, 988 (S.D. Cal. 2012) (finding that plaintiff failed to plead a trade secret where it simply described the end product, and not the process it claimed was a trade secret).

### D.  **Plaintiffs' Trade Libel Claim Fails As a Matter of Law**

Plaintiffs essentially concede that their trade libel claim is legally deficient, stating in the Opposition that "in the Ninth Circuit, a product defamation or trade libel claim must be based on specific statements, and the defamatory character of the language ***must be apparent from the words themselves.***" Opp. at 15 (emphasis added) (quoting and citing *Films of Distinction, Inc. v. Allegro Film Prods., Inc.* 12 F. Supp. 2d 1068, 1081, n. 8 (C.D. Cal. 1998) (quoting *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 822 (9th Cir. 1995)).  Nevertheless, Plaintiffs assert that vague allegations that certain defendants "spread false and malicious rumors about the Temujin founders" should be sufficient.  Opp. at 15-16.  Plaintiffs are wrong.  Not only does the law require Plaintiffs to identify the libelous "words", which Plaintiffs concede is required and they do not allege, Plaintiffs must identify the speaker, recipient, time, and location of each allegedly libelous statement.  *First Advantage Background Servs. Corp. v. Private Eyes, Inc.*, 569 F. Supp. 2d 929, 937 (N.D. Cal. 2008) ("Nothing in the First Amended Counterclaim gives any indication of who from First Advantage made the allegedly libelous statements, to whom they made those statements, when they made the statements, or what exactly they said. Without this information,

---

not attach, quote from, cite to, or otherwise describe those agreements or the types of information protected from disclosure allegedly articulated therein.

the claim is deficient."); *Eldorado Stone, LLC v. Renaissance Stone, Inc.*, No. 04-cv-2562 JM (LSP), 2005 WL 5517731, at *3 (S.D. Cal. Aug. 10, 2005) (same).  Moreover, Plaintiffs fail to address that a claim for trade libel requires the pleading of special damages in the form of pecuniary loss, which they have not done.  MTD at 14.  Put simply, this claim fails.

### E.    Plaintiffs Fail to Plead Allegations Specific to McCarty

Plaintiffs try to maintain McCarty as a defendant by pointing to various generalized allegations in the Complaint.  Opp. at 16.  But Plaintiffs' references to those allegations only serve to highlight the Complaint's pleading deficiency.  Indeed, but for a single allegation that McCarty was employed as a System Engineer at Temujin Delaware, the referenced allegations in the Opposition are precisely those generalized lumped-together allegations the law prohibits.  *See* Opp. at 16 (citing Compl. ¶ 36 ("Nathan McCarty, Fernando Krell, Philippe Camacho, Binyi Chen and Luoyan (Alex) Xiong and other former employees, during their final period in the company's tenure and while still receiving Temujin's salary, used their positions at Temujin, and their access to Temujin's systems and operations, to assist Translucence in developing its own operations and in seeking financing."); Compl. ¶ 37 ("[T]he individual Defendants downloaded, copied and removed information, electronic files and other property belonging to the Plaintiffs to use the same in starting, developing, and/or operating Translucence, in order to obstruct, disrupt and interfere with Plaintiffs' business."); Compl. ¶ 38 ("Plaintiffs are further informed and believe, and based thereon allege, that the actions of Defendants are the culmination of a months-long scheme originally formulated by Defendants Lu, Fisch, and Bünz.")).  This is legally improper.  *In re Sagent Tech., Inc., Deriv. Litig.*, 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003) ("[T]he complaint fails to state a claim because plaintiffs do not indicate which individual defendant or defendants were responsible for which alleged wrongful act."); *Corazon v. Aurora Loan Servs., LLC*, No. 11-00542 SC, 2011 WL 1740099, at *4 (N.D. Cal. May 5, 2011) (same); *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (same).

Plaintiffs try to distinguish the cases in Defendants' Motion to Dismiss, but those attempts universally fail.  First, Plaintiffs argue that *In re Sagent*, 278 F. Supp. 2d at 1094 "involved breach of fiduciary duty against officers and directors of a corporation."  Opp. at 16-17.  But that is a

-9-

distinction without any difference to the plain holding that the complaint was deficient as to a particular defendant "because plaintiffs do not indicate which individual defendant or defendants were responsible for which alleged wrongful act." *In re Sagent*, 278 F. Supp. 2d at 1094. Second, Plaintiffs argue that *Corazon* is not factually analogous because there the complaint only mentioned the individual defendant once by name. Opp. at 16. However, *Corazon* is precisely on point because like the court in that case, the only factual allegation is McCarty's former position at Temujin Delaware, but in each and every other allegation referencing McCarty, Plaintiffs group him together with multiple other defendants. *See, e.g.*, Compl. ¶ 36; *see Corazon*, 2011 WL 1740099 at *4. Finally, Plaintiffs contend *Gauvin* does not apply to the instant case because Plaintiffs have not lumped all defendants together in a single broad allegation. Opp. at 16. But that is exactly what the Complaint does here – the only substantive allegations against McCarty are lumped together with others rendering it impossible for him to know what allegations concern him specifically. *See* Compl. ¶¶ 35-37, 64, 75. The allegations are plainly deficient and McCarty should be dismissed from this action with prejudice.

### III. THE *COLORADO RIVER* DOCTRINE INDEPENDENTLY APPLIES TO DISMISS THIS ACTION IN FAVOR OF THE PARALLEL STATE COURT ACTION

#### A. The State Court Action Is Substantially Similar

Dismissal of a complaint pursuant to *Colorado River* is appropriate where, as here, the parallel state and federal actions are "substantially similar." *See Seneca Ins. Co. v. Strange Land, Inc.*, 862 F.3d 835, 845 (9th Cir. 2017). Plaintiffs argue against *Colorado River* dismissal because the State Court Action is not sufficiently similar and will not resolve this matter as this action involves additional defendants, Plaintiffs assert different causes of action, and Plaintiffs' State Court Action is "premised upon the past harm" whereas the instant Complaint addresses alleged "continuing and future" harm.[3] Opp. at 18-19. Plaintiffs' arguments fail.

First, Plaintiffs' effort to recast what is a sufficiently parallel proceeding is unavailing.

---

[3] Plaintiffs also argue that if the Court dismisses Plaintiffs' declaratory relief cause of action, the Court "may not invoke abstention to dismiss" the action. Opp. at 17. This is wrong. Courts must "rely on the state of affairs at the time of the *Colorado River* analysis." *R.R. St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 982 (9th Cir. 2011). The Complaint seeks both legal and equitable relief— the Court may dismiss the Complaint under *Colorado River.*

Opp. at 18-19.  Proceedings are "sufficiently parallel" when "they concern[] the same relevant conduct and name[] the same pertinent parties", and exact parallelism is not required.  *Montanore Mins. Corp. v. Bakie,* 867 F.3d 1160, 1170 (9th Cir. 2017).  Specifically, Plaintiffs contend that the actions are not similar because the State Court Action and this action involve different defendants.  Opp. at 19.  The Ninth Circuit has already rejected that same argument.  *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989) ("[Plaintiff]'s further argument that the parties are not identical is disingenuous."); *see also Brito v. New United Motor Mfg., Inc.*, No. C 06-06424-JF, 2007 WL 1345197, at *3 (N.D. Cal. May 8, 2007) (finding parallelism requirement met even though parties in the state suit and federal suit were not identical).  The State Court Action sufficiently parallels this case because both involve the same pertinent parties—Temujin DE and Temujin Cayman as Plaintiffs, and Fisch and Lu as Defendants—and the same underlying allegations.

Second, Plaintiffs contend that the actions are not similar because they assert different causes of action in the State Court Action and federal action.  Opp. at 18-19.  This is of zero consequence and is inconsistent with the law.  If a plaintiff could avoid *Colorado River* simply by alleging different causes of action in different courts, then the doctrine would be neutered.  Courts have recognized such a result and rejected similar arguments.  For example, in *Goodin*, plaintiffs argued that actions were not substantially similar because they asserted claims under state law in the state court action, while asserting completely different causes of action under federal law in the federal action.  *Goodin v. Vendley*, 356 F. Supp. 3d 935, 944 (N.D. Cal. 2018).  The court dismissed this argument stating, "But this is not the rule—state and federal proceedings are substantially similar if they arise out the same alleged conduct and seek to vindicate the same rights."  *Id.*  Here, the State Court Action sufficiently parallels this case because both arise out of the same underlying conduct—Defendants' alleged misappropriation of Plaintiffs' trade secrets and subsequent alleged interference with Plaintiffs' relations and business.

Third, Plaintiffs argue that the State Court Action is "premised upon the past harm" whereas the federal action addresses alleged "continuing and future" harm.  Opp. at 19.  This is not only irrelevant, *see Nakash*, 882 F.2d at 1416 (suits sufficiently parallel even though "the focus of the two actions is quite different"), it is incorrect.  Indeed, this action is replete with bald

-11-

1   allegations of defendants' supposedly improper conduct while the defendants were employed

2   and/or affiliated with Plaintiffs and Plaintiffs artful framing of past versus present claims matters

3   not at all where the proceedings, like the ones in *Goodin*, "arise out [of] the same alleged conduct

4   and seek to vindicate the same rights."  356 F. Supp. 3d at 944; *Compare* Compl. Nature of the

5   Case at 1, ¶¶ 23-26, 27-34, 35-43, 44-47, 48-50, 51-57 *with* Dkt. 26-2, (Han Decl., Ex. A Nature

6   of the Case at 2, ¶¶ 27, 31-43, 48-60, 93-100).

7         Finally, Plaintiffs mistakenly rely on *Smith v. Cent. Ariz. Water Conservation Dist.*, 418

8   F.3d 1028, 1033 (9th Cir. 2005).  Opp. at 17-18.  In *Smith*, the Ninth Circuit held that the state

9   court action would not resolve the claims at issue in the federal proceeding because the plaintiffs

10  sought declaratory relief to determine their rights under a water service agreement in state court,

11  while separately seeking to determine different rights under subcontracts in the federal action.

12  *Smith*, 418 F.3d at 1033-34.  Here, this is not the case.  Plaintiffs' claims in the State Court Action

13  and this action are virtually identical, merely substituting "source codes" for "information and

14  property."  Compl. ¶¶ 121-23; Han Decl., Ex. B ¶¶ 46-48.

15        **B.      The _Colorado River_ Factors Support Dismissal**

16        The Opposition does not seriously contest that the weight of the *Colorado River* factors

17  support dismissal of the Complaint.  Opp. at 19-21.  Rather, Plaintiffs reassert its position that the

18  actions are not similar (they are) and then use that argument to suggest the factors are not met.

19  As demonstrated below, this circular reasoning fails.

20        Plaintiffs argue that the ***third factor*** concerning inconsistent rulings as a result of piecemeal

21  litigation are mitigated by *res judicata*, relying on a Fifth Circuit case, *Kelly Inv., Inc. v. Cont'l*

22  *Common Corp.*, 315 F.3d 494, 498 (5th Cir. 2002).  But courts in the Ninth Circuit reach the

23  opposite conclusion.  *See Gallagher v. Dillon Grp. 2003-I,* No. CV-09-2135-SBA, 2010 WL

24  890056, at *3 (N.D. Cal. Mar. 8, 2010) ("[T]he danger of inconsistent rulings from piecemeal

25  adjudication provides a highly compelling reason in favor of [abstention].")*; Barkstrong v. Tex.*

26  *Farm Prods. Co.*, No. CV 19-1286-MWF (MRWx), 2019 WL 6315535, at *3 (C.D. Cal. May 6,

27  2019) ("[I]nconsistent rulings could include decisions on issues ranging from whether certain

28  discovery should be required to how [contracts] should be construed.  Such inconsistencies would

-12-

1   likely result in severe prejudice to both [parties].”); *Columbia Cas. Co. v. Cottage Health Sys.*, No.

2   LA CV16-03759-JAK (SKx), 2016 WL 10966383, at *7 (C.D. Cal. Dec. 2, 2016).  Plaintiffs also

3   argue that the risk of piecemeal litigation alone is insufficient to dismiss this case absent a strong

4   federal policy that all claims be dismissed favoring the state court claim, citing *United States v.*

5   *Morros*, 268 F.3d 695 (9th Cir. 2001).  *Morros* is not helpful to Plaintiffs.  First, that case was

6   initiated by a federal agency against a state agency over a dispute concerning the state agency’s

7   interpretation of federal law.  *Id.* at 699.  The *Morros* court determined *Colorado River* thus did

8   not apply.  Here, private litigants pursue substantially similar claims and all but one claim turns on

9   California state law (and the federal claim is a trade secret claim based on the same exact alleged

10  conduct).  Second, contrary to Plaintiffs’ position, *Morros* acknowledged that the “chief concern”

11  in *Colorado River* is avoiding piecemeal litigation.  *Id.* at 706.  But it is not the only concern and

12  that is why courts apply *both* the threshold similarity inquiry and evaluate all relevant factors.

13        Plaintiffs argue that the ***fourth factor*** does not support dismissal because the State Court

14  Action pleadings are not at issue yet, discovery is ongoing, and no depositions have occurred.

15  Opp. at 20-21.  Of course, this ignores the multiple cross-complaints that have been filed, answers

16  to cross-complaints that have been filed including by the Plaintiffs here, negotiation of a protective

17  order, and extensive party and third party discovery with multiple discovery conferences with the

18  state court, and numerous case management conferences that have taken place in the State Court

19  Action.  *See Am. Int’l Underwriters (Phil.), Inc. v. Cont’l Ins. Co.,* 843 F.2d 1253, 1259 (9th Cir.

20  1988) (“[Plaintiff] should…be bound by its initial choice of the state forum, given the substantial

21  progress that has occurred in the state court litigation.”).  The State Court Action has been pending

22  for over a year and the matter is being actively litigated.  Thus, this factor favors dismissal.

23        Plaintiffs argue that the ***fifth factor*** should not favor dismissal because Plaintiffs bring a

24  federal trade secret misappropriation claim in this action.  Opp. at 20-21.  This is irrelevant.

25  Federal courts consistently hold that state and federal courts have concurrent jurisdiction over

26  DTSA claims.  *See XPO GF Am., Inc. v. Qiuheng Liao*, No. CV 19-4173 PA (MAAx), 2019 WL

27  8226077, at *4 (C.D. Cal. Sept. 27, 2019) (finding that “[s]ince the state and federal courts have

28  concurrent jurisdiction over Plaintiff’s federal claims [including a DTSA claim], this factor [was]

-13-

1    neutral"); *United InvestexUSA 7 Inc. v. Miller*, No. 8:20-cv-02308-JVS-ADS, 2021 WL 6804224,

2    at *3 (C.D. Cal. Nov. 10, 2021) (same).  Plaintiffs even recognize the similarities between a

3    federal DTSA claim and a state CUTSA claim.  *See* Opp. at 13 (conceding that courts analyze

4    those claims "together because the elements are substantially similar").  And California law

5    plainly governs the core claims in both actions.  Indeed, Plaintiffs are presently pursuing a

6    substantively identical state trade secrets claim in the State Court Action.  Plaintiffs' attempt to

7    pursue *both* actions by adding a single federal claim indistinct from the state claims is improper.

8        Plaintiffs argue that the ***sixth factor*** does not support abstention because Plaintiffs' are

9    unaware of any California appellate court interpreting a DTSA claim.  Opp. at 21.  Setting aside

10   the fact that Plaintiffs' DTSA claim was added solely to invoke federal jurisdiction, the Opposition

11   does nothing to show that the State Court Action will not adequately protect Plaintiffs' purported

12   rights.  Plaintiffs' DTSA claim is based on the same conduct and elements as their CUTSA claim,

13   and Plaintiff will not be hindered from pursuing that claim in the State Court Action.  *InteliClear,*

14   *LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 657 (9th Cir. 2020).

15       The ***seventh factor***—the desire for Courts to avoid forum shopping—weighs heavily in

16   favor of dismissal.  Plaintiffs argue that they are not forum shopping because the actions are not

17   substantially similar.  Opp. at 21.  Plaintiffs' circular logic does not save them.  Plaintiffs brought

18   the State Court Action in November 2020 and asserted claims for civil conspiracy, interference,

19   and trade secret misappropriation related to the development of a financial technology.  MTD at 4.

20   That case was subsequently designated complex and assigned to a complex court for all purposes.

21   A year after filing the State Court Action, Plaintiffs filed a new case in San Francisco Superior

22   Court, again based on the same underlying allegation that defendants misappropriated source code

23   and technology.  Five days after initiating that lawsuit, Plaintiffs filed the instant Complaint

24   against the same group of defendants with virtually identical allegations.  *Id.*  All three actions

25   involve the exact same Plaintiffs, two of the same defendants, and arise out of the same underlying

26   conduct.  Plaintiffs, however, ignored their obligation to file notices of related cases in any of the

27   three lawsuits, declining to bring the duplicative actions to the attention of any court and even

28   going so far as to request "San Francisco/Oakland" divisional assignment although the State Court

-14-

Action was filed in Santa Clara County.[4]  Dkt. No. 1-1.  Plaintiffs' filing of ***three repetitive lawsuits*** relying on the same underlying facts and circumstances evidences their attempt to shop forums.  This is inappropriate and favors dismissal.

### IV.   IN THE ALTERNATIVE, A STAY IS APPROPRIATE

In the alternative to dismissal, this Court may stay the action in favor of the parallel State Court Action.  *Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 818 (1976); *see also Nakash*, 882 F.2d at 1415 ("[A] federal court may stay its proceedings in deference to pending state proceedings."); *Landis v. N. Am. Co.*, 299 U.S. 248 (1936).

Plaintiffs make one argument against a stay suggesting that because they seek different relief against additional defendants in the federal court, a stay will cause them damage and suffer hardship.  But Plaintiffs fail to articulate any actual harm or hardship (nor can they as they chose to wait over a year after initiating the State Court Action to file this Complaint).  As explained in detail above and in the Motion to Dismiss, Plaintiffs' claims in the parallel actions are based on the same underlying theory—an alleged misappropriation of trade secrets and interference with relationships.  Simply adding new claims based on the same alleged conduct and pursuing additional defendants does not allow a plaintiff to avoid application of *Colorado River* or *Landis*.

### V.   CONCLUSION

For the foregoing reasons, the Complaint should be dismissed with prejudice.  The Court should also grant Defendants such other and further relief as the Court deems just and proper.

DATED:  April 8, 2022                    PAUL HASTINGS LLP


By: */s/ Edward Han*
EDWARD HAN

Attorneys for Defendants
Translucence Research, Inc., Benjamin Fisch,
Charles Lu, and Nathan McCarty

---

[4] Defendants filed a notice of pendency of other action.  *See* Dkt. No. 25.  Plaintiffs' deadline to respond and argue that the actions are not related was March 31.  Plaintiffs did not respond.