Craig A. Hansen (CA Bar No. 209622)
  Email: craig@hansenlawfirm.net
Stephen C. Holmes (CA Bar No. 200727)
  Email: steve@hansenlawfirm.net
Philip E. Yeager (CA Bar No. 265939)
  Email: phil@hansenlawfirm.net
Collin D. Greene (CA Bar No. 326548)
  Email: collin@hansenlawfirm.net
HANSEN LAW FIRM, P.C.
75 E. Santa Clara Street, Suite 1250
San Jose, CA 95113-1837
Telephone: (408) 715 7980
Facsimile: (408) 715 7001

Attorneys for Plaintiffs
Temujin Labs Inc., a Delaware corporation, and
Temujin Labs Inc., a Cayman Islands corporation.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TEMUJIN LABS INC., a Delaware corporation, and TEMUJIN LABS INC., a Cayman Islands corporation,<br><br>Plaintiffs,<br><br>v.<br><br>TRANSLUCENCE RESEARCH, INC., a Delaware corporation, BENJAMIN FISCH, CHARLES LU, BENEDIKT BÜNZ, NATHAN MCCARTY, FERNANDO KRELL, PHILIPPE CAMACHO CORTINA, BINYI CHEN, AND LUOYUAN (ALEX) XIONG, and DOES 1-20, inclusive,<br><br>Defendants. | Case No.: 4:21-cv-09152-JST<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ENLARGEMENT OF TIME UNDER FEDERAL RULE OF CIVIL PROCEDURE 6(b)**<br><br>[N.D. Cal. Civil Code Local Rule 6-3]<br><br>Courtroom: Courtroom 6, 2nd Floor<br>Judge: Hon. Jon S. Tigar<br><br>Complaint Filed: November 24, 2021 |

**NOTICE OF MOTION AND MOTION FOR ENLARGEMENT OF TIME**

PLEASE TAKE NOTICE that pursuant to Northern District of California Civil Local Rule 6-3, Plaintiffs Temujin Labs Inc., a Delaware corporation ("Temujin Delaware") and Temujin Labs Inc., a Cayman Islands corporation ("Temujin Cayman") (collectively, "Plaintiffs") respectfully move this Court for an order extending the time to effect service on Defendant Binyi Chen pursuant to Rule 6(b) for 60 days.

This Motion is made on the grounds that Plaintiffs have shown good cause by attempting to serve Defendant Binyi Chen (who is avoiding service) in this action, and no parties will suffer any prejudice as a result of an order extending the time to effect service.

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Collin D. Greene, all pleadings, papers and other documentary materials in the Court's file for this action, those matters of which this Court may or must take judicial notice, and such other matters as this Court may consider.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    Introduction**

Plaintiffs named the following defendants in this action filed on November 24, 2021: Translucence Research, Inc. ("Translucence"), Benjamin Fisch, Charles Lu, Benedikt Bünz, Nathan McCarty, Fernando Krell, Philippe Camacho Cortina, Binyi Chen, and Luoyuan (Alex) Xiong, and Does 1 through 20.[1]  Plaintiffs served Translucence, Fisch, McCarty, Lu, and Bünz.

Plaintiffs previously sought and obtained an order extending the time to effect service upon Bünz and Chen pursuant to Rule 6(b) for 60 days pursuant to the Court's Order dated February 28, 2022 [Dkt. No. 18].  On April 14, 2022, Defendant Bünz was personally served with the summons, complaint and related papers.  [Dkt. No. 35].

With respect to Defendant Chen, Plaintiffs have expended considerable time and effort to serve Chen with the summons and complaint, including nine attempts at three different addresses. Despite these good faith efforts, Plaintiffs have not been able to serve Defendant Chen so far.

---

[1] It is Plaintiffs' understanding that Krell, Cortina, and Xiong all reside outside of the United States.

MOTION FOR ENLARGEMENT OF             1
TIME UNDER FRCP 6(B)

Plaintiffs therefore bring this Motion pursuant to Northern District of California Civil Local Rule 6-3 and Federal Rule of Civil Procedure 6(b) requesting that this Court issue an order extending the time to effect service upon Chen pursuant to Rule 6(b) for an additional 60 days.

## II. The Motion to Extend Time to Serve Should be Granted

Plaintiffs demonstrate good cause to extend the deadline to effect service. Therefore, the Court should grant Plaintiffs' request for such an extension.

Pursuant to Federal Rule of Civil Procedure 4(m), service must be made upon defendants within 90 days of the filing of the Complaint, which, meant the deadline to effect service was February 22, 2022. After making good faith efforts to serve Chen and Bünz, Plaintiffs requested an additional 60 days to serve Chen and Bünz on February 17, 2022. [Dkt. No. 17]. The Court granted that request on February 28, 2022. [Dkt. No. 18]. Plaintiffs utilized that extension of time to successfully serve Bünz on April 14, 2022. [Dkt. No. 35]. However, despite Plaintiffs' good faith efforts and many attempts at service, Chen has avoided service thus far.

Under Federal Rule of Civil Procedure 6(b)(1), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time…" Pursuant to this Court's Local Rules, a party may move to enlarge time by filing a motion that is accompanied by a declaration that (1) sets forth with particularity the reasons for the requested enlargement, (2) describes efforts made to obtain a stipulation, (3) identifies the substantial harm or prejudice that would occur if the Court did not change the time, (4) discloses all previous time modifications, and (5) describes the effect the requested modification would have on the case schedule. *See* N.D. Cal. Civ. L.R. 6-3.

Here, Plaintiffs demonstrate good cause for extension of time to serve pursuant to the above rules. Plaintiffs engaged Pacific Coast Legal Services ("PCLS"), an attorney service company providing litigation support services, to assist Plaintiffs with service in this case. To begin that process, Plaintiffs asked PCLS to run "skip traces" on the individual defendants believed to reside in the U.S., including Binyi Chen. Greene Decl., ¶ 2. PCLS made an initial attempt to serve Chen at an address believed to be a residence in Goleta, CA on January 31. Greene Decl., ¶ 3, Ex. 1. PCLS then made another attempt to serve Chen at an address believed

MOTION FOR ENLARGEMENT OF  2
TIME UNDER FRCP 6(B)

1   to be a residence in Sunnyvale, CA on February 7. *Id.*

2   Plaintiffs subsequently retained Rhino Investigations & Process Serving ("Rhino
3   Investigations") to assist Plaintiffs with determining Mr. Binyi Chen's current address. Greene
4   Decl., ¶ 4.  Rhino Investigations was able to determine an alternative address for Mr. Binyi Chen
5   – 650 E. Capitol Ave, Apt 599, Milpitas, CA 95035. *Id.*  Plaintiffs understand that on or about
6   April 15, 2022, Rhino Investigations confirmed that was a good address for Mr. Binyi Chen by
7   calling a number found as a result of the skip trace Rhino Investigations ran. *Id.*  Plaintiffs then
8   requested that PCLS attempt service of Mr. Binyi Chen at this newfound address. Greene Decl., ¶
9   5.  PCLS proceeded to make seven attempts to personally serve Defendant Chen at that address as
10  follows:

11  **On April 15, 2022 at 3:07 pm:**  The process server made contact with a co-occupant Ms.
12  Adoris Dai who stated "Yes, Binyi Chen is home" when asked if Chen was currently home during
13  the service attempt. The process server asked Ms. Dai if she would have the subject come to the
14  door to receive a delivery. Ms. Dai closed the door and returned opening the door stating "Binyi
15  is in a meeting right now and cannot come to the door." The process server stated "I have an
16  important, time sensitive legal document that I have been assigned to deliver to Binyi Chen, you
17  have confirmed he is home, please have him come and accept the document, it will just take a
18  moment to hand to him." Ms. Dai returned inside the residence and closed the door. The process
19  server heard the subject and Ms. Dai communicating within the apartment. Ms. Dai returned
20  opening the door and stating "Binyi will not come to the door. He said you must return or put the
21  document in the mail." The process server responded by announcing service of process loudly
22  "Binyi Chen you are being served legal documents, I am leaving this document with Ms. Adoris
23  Dai or on your doorstep." The process server attempted to hand Ms. Dai the legal document. Ms.
24  Dai stated "I cannot take that, because I don't understand the legal process and I don't want to get
25  involved." The Process Server responded to Ms. Dai and believed the subject was within hearing
26  distance: "You have been served, I will leave this document on the doorstep for Mr. Chen" and
27  left the documents on the doorstep.  (Greene Decl. ¶ 5 and Ex. 2.)

28  **On April 18, 2022 at 5:19 pm:**  The process server returned to the residence address.

1 There was no answer at the residence address. The process server approached the unit's front door, and was able to see light coming through the peephole in the door. The process server knocked and noticed the light coming through the peep hole was obstructed multiple times by someone within the subject residence. The process server knocked and rang the residence door bell many times with no answer. The Process Server heard sound from within the residence. (*Id*.)

**On April 19, 2022 at 07:48 am:** The process server returned to the residence address. There was no answer at the residence address. There were shoes at the door and light coming through the peephole, but no sound or movement. (*Id*.)

**On April 21, 2022 at 07:30 am:** The process server returned to the residence address. There was no answer at the residence address. The process server noticed a yellow luggage case on the front door mat. There was visible light coming through the peep hole in the unit's front door. The process server waited in the hallway several hours until he was approached by apartment building leasing and janitorial staff and was asked to leave the building hallway. The process server was asked by apartment building staff to wait outside, or in the building lobby to conduct service of process, or the police would be called on the process server for trespassing without authorization. (*Id*.)

**On April 21, 2022 at 03:29 pm:** A different process server returned to the residence address. There was again no answer at the residence address. A yellow suitcase (likely the same from the previous service attempt) was at the front door and light was shining through the peephole. The process server knocked and rang the subject unit doorbell several times without any answer, sound or movement. (*Id*.)

**On April 25, 2022 at 09:56 am:** Another process server attempted to return to the residence address, but could not gain access to the apartment complex. (*Id*.)

**On April 28, 2022 at 10:00 am:** The process server who made the attempt on April 15 returned to the address, knocked on the door and rang the doorbell several times, but there was no answer. The process server then spoke with the apartment complex's assistant manager, who informed the process server that Mr. Chen moved out of the apartment on April 23, 2022. (*Id*.)

These efforts make clear that Mr. Chen is avoiding service. Based on the information

MOTION FOR ENLARGEMENT OF TIME UNDER FRCP 6(B)   4

obtained from the process server on April 28, 2022, Plaintiffs will need to conduct additional investigation to determine a new address for Mr. Chen.

Plaintiffs have set forth with particularity the reasons for the requested enlargement with the efforts described above. (Local Rule 6-3(a)(1)). In the context of this request, there are no responding parties with whom to discuss a stipulation regarding the request for extension of time. (Local Rule 6-3(a)(2)).[2]

If Plaintiffs are not granted this extension, they will be substantially harmed or prejudiced in being able to proceed with their claims against Defendant Chen. Greene Decl., ¶ 7. Further, there is no harm or prejudice to Defendant Chen. (*See* Local Rule 6-3(a)(3)). Indeed, Plaintiffs anticipate that Defendant Chen will likely coordinate with his co-defendants in this case. Defendants Translucence, Fisch, and McCarty have moved to dismiss the present Complaint, which is due to be heard on May 26, 2022. [Dkt. No. 26]. A motion for an order setting a single response date of March 18, 2022 for those three defendants [Dkt. No. 13 filed on February 10, 2022, and not opposed by Plaintiffs], Plaintiffs' previous request for an additional 60 days to serve the two Defendants Bünz and Chen [Dkt. No. 17], and the Stipulation and Joint Request to Continue Case Management Conference and Related Deadlines [Dkt. No. 20] are the only prior motions for continuance thus far in this action. (Local Rule 6-3(a)(5)). Finally, Plaintiffs do not believe the requested time modification would have any material effect on the schedule of the case, as no trial date has been set. (Local Rule 6-3(a)(6)). Plaintiffs respectfully submit that they have demonstrated good cause for their requested 60-day extension of time to serve Chen.

## **CONCLUSION**

Plaintiffs respectfully request that this Court grant Plaintiffs' request for an order extending the time to effect service upon Defendant Binyi Chen pursuant to Rule 6(b) for an additional 60 days from the date the Court grants the motion.

---

[2] Plaintiffs' counsel asked Paul Hastings LLP, the attorneys who represent the Defendants who have already been served in this action – Translucence, Fisch, Lu, Bünz, and McCarty – whether Paul Hastings LLP would accept service on behalf of Defendant Binyi Chen, but Paul Hastings LLP has indicated that they are not currently representing or authorized to accept service for Mr. Chen. Greene Decl., ¶ 6.

MOTION FOR ENLARGEMENT OF TIME UNDER FRCP 6(B)    5

DATED:  April 28, 2022            HANSEN LAW FIRM, P.C.

                                  By: _____/s/ Craig A. Hansen_____
                                              Craig A. Hansen

                                  Attorneys for Plaintiffs
                                  Temujin Labs Inc., a Delaware corporation, and
                                  Temujin Labs Inc., a Cayman Islands corporation.

MOTION FOR ENLARGEMENT OF              6
TIME UNDER FRCP 6(B)