1  Craig A. Hansen (CA Bar No. 209622)
     Email: craig@hansenlawfirm.net
2  Stephen C. Holmes (CA Bar No. 200727)
     Email: steve@hansenlawfirm.net
3  Philip E. Yeager (CA Bar No. 265939)
     Email: phil@hansenlawfirm.net
4  Collin D. Greene (CA Bar No. 326548)
     Email: collin@hansenlawfirm.net
5  HANSEN LAW FIRM, P.C.
   75 E. Santa Clara Street, Suite 1150
6  San Jose, CA 95113-1837
   Telephone: (408) 715 7980
7  Facsimile: (408) 715 7001

8  Attorneys for Plaintiffs
   Temujin Labs Inc., a Delaware corporation, and
9  Temujin Labs Inc., a Cayman Islands corporation.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEMUJIN LABS INC., a Delaware corporation, and TEMUJIN LABS INC., a Cayman Islands corporation,<br><br>Plaintiffs,<br><br>v.<br><br>TRANSLUCENCE RESEARCH, INC., a Delaware corporation, BENJAMIN FISCH, CHARLES LU, BENEDIKT BÜNZ, NATHAN MCCARTY, FERNANDO KRELL, PHILIPPE CAMACHO CORTINA, BINYI CHEN, AND LUOYUAN (ALEX) XIONG, and DOES 1-20, inclusive,<br><br>Defendants. | CASE NO.: 4:21-CV-09152-JST<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ENLARGEMENT OF TIME UNDER FEDERAL RULE OF CIVIL PROCEDURE 6(b)**<br><br>[N.D. Cal. Civil Code Local Rule 6-3]<br><br>Courtroom: Courtroom 6, 2nd Floor<br>Judge: Hon. Jon S. Tigar<br><br>Complaint Filed: November 24, 2021 |

## NOTICE OF MOTION AND MOTION FOR ENLARGEMENT OF TIME

PLEASE TAKE NOTICE that pursuant to Northern District of California Civil Local Rule 6-3, Plaintiffs Temujin Labs Inc., a Delaware corporation ("Temujin Delaware") and Temujin Labs Inc., a Cayman Islands corporation ("Temujin Cayman") (collectively, "Plaintiffs") respectfully move this Court for an order extending the time to effect service on Defendant Binyi Chen pursuant to Rule 6(b) for 60 days.

This Motion is made on the grounds that Plaintiffs have shown good cause by attempting to serve Defendant Binyi Chen (who is avoiding service) in this action, and no parties will suffer any prejudice as a result of an order extending the time to effect service.

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Declarations of Craig A. Hansen, Adam Franz, Jessica Fernandez, Krista Cantu, Vincent Borquez, and Lindon Lilly, all pleadings, papers and other documentary materials in the Court's file for this action, those matters of which this Court may or must take judicial notice, and such other matters as this Court may consider.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     Introduction

Defendant Binyi Chen ("Chen") is avoiding service of the summons and Complaint. Plaintiffs previously sought and obtained an order extending the time to effect service upon Defendants Benedikt Bünz and Chen pursuant to Rule 6(b) for 60 days pursuant to the Court's Order dated February 28, 2022 [Dkt. No. 18].  On April 14, 2022, Defendant Bünz was personally served with the summons, complaint and related papers.  [Dkt. No. 35].  After expending considerable time and effort to serve Chen with the summons and complaint, including seven separate attempts, Plaintiffs sought and obtained another order extending the time to effect service upon Chen [Dkt. No. 38].  Since then, Plaintiffs made another five separate attempts, and conducted database searches and field canvassing utilizing a private investigator.  Despite these good faith efforts, Plaintiffs have not been able to serve Defendant Chen so far.

Plaintiffs therefore bring this Motion pursuant to Northern District of California Civil Local Rule 6-3 and Federal Rule of Civil Procedure 6(b) requesting that this Court issue an order extending the time to effect service upon Chen pursuant to Rule 6(b) for an additional 60 days.

## II.     The Motion to Extend Time to Serve Should be Granted

Plaintiffs demonstrate good cause to extend the deadline to effect service.  Therefore, the Court should grant Plaintiffs' request for such an extension.

Pursuant to Federal Rule of Civil Procedure 4(m), service must be made upon defendants within 90 days of the filing of the Complaint, which, meant the deadline to effect service was February 22, 2022.  After making good faith efforts to serve Chen and Bünz, Plaintiffs requested an additional 60 days to serve Chen and Bünz on February 17, 2022. [Dkt. No. 17].  The Court granted that request on February 28, 2022. [Dkt. No. 18].  Plaintiffs utilized that extension of time to successfully serve Bünz on April 14, 2022. [Dkt. No. 35].  Plaintiffs sought and obtained an additional extension of 60 days to serve Chen [Dkt. Nos. 36 & 38].  However, despite Plaintiffs' good faith efforts and many attempts at service, Chen has avoided service thus far.

Under Federal Rule of Civil Procedure 6(b)(1), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time…"  Pursuant to this

Court's Local Rules, a party may move to enlarge time by filing a motion that is accompanied by a declaration that (1) sets forth with particularity the reasons for the requested enlargement, (2) describes efforts made to obtain a stipulation, (3) identifies the substantial harm or prejudice that would occur if the Court did not change the time, (4) discloses all previous time modifications, and (5) describes the effect the requested modification would have on the case schedule. *See* N.D. Cal. Civ. L.R. 6-3.

Here, Plaintiffs demonstrate good cause for extension of time to serve pursuant to the above rules. Plaintiffs had "skip traces" run on the individual defendants believed to reside in the U.S., including Binyi Chen. (Hansen Decl., ¶ 2.) Plaintiff's Process servers made an initial attempt to serve Chen at an address believed to be a residence in Goleta, CA on January 31. (Franz Decl.) A process server then made another attempt to serve Chen at an address believed to be a residence in Sunnyvale, CA on February 7. (Fernandez Decl.)

Plaintiffs subsequently retained a private investigator ("PI") to assist Plaintiffs with determining Chen's current address. (Lilly Decl., ¶ 1-2.) The PI was able to determine an alternative address for Chen – 650 E. Capitol Ave, Apt 599, Milpitas, CA 95035 – which he confirmed by calling a number found as a result of the skip trace he ran. (*Id.* at ¶ 3.) Plaintiffs proceeded to make seven attempts to personally serve Defendant Chen at that address as follows:

**On April 15, 2022 at 3:07 pm:** The process server made contact with a co-occupant Ms. Adoris Dai who stated "Yes, Binyi Chen is home" when asked if Chen was currently home during the service attempt. The process server asked Ms. Dai if she would have the subject come to the door to receive a delivery. Ms. Dai closed the door and returned opening the door stating "Binyi is in a meeting right now and cannot come to the door." The process server stated "I have an important, time sensitive legal document that I have been assigned to deliver to Binyi Chen, you have confirmed he is home, please have him come and accept the document, it will just take a moment to hand to him." Ms. Dai returned inside the residence and closed the door. The process server heard the subject and Ms. Dai communicating within the apartment. Ms. Dai returned opening the door and stating "Binyi will not come to the door. He said you must return or put the document in the mail." The process server responded by announcing service of process loudly

"Binyi Chen you are being served legal documents, I am leaving this document with Ms. Adoris Dai or on your doorstep." The process server attempted to hand Ms. Dai the legal document. Ms. Dai stated "I cannot take that, because I don't understand the legal process and I don't want to get involved." The Process Server responded to Ms. Dai and believed the subject was within hearing distance: "You have been served, I will leave this document on the doorstep for Mr. Chen" and left the documents on the doorstep. (Borquez Decl.)

**On April 18, 2022 at 5:19 pm:** The process server returned to the residence address. There was no answer at the residence address. The process server approached the unit's front door, and was able to see light coming through the peephole in the door. The process server knocked and noticed the light coming through the peep hole was obstructed multiple times by someone within the subject residence. The process server knocked and rang the residence door bell many times with no answer. The Process Server heard sound from within the residence. (*Id.*)

**On April 19, 2022 at 07:48 am:** The process server returned to the residence address. There was no answer at the residence address. There were shoes at the door and light coming through the peephole, but no sound or movement. (*Id.*)

**On April 21, 2022 at 07:30 am:** The process server returned to the residence address. There was no answer at the residence address. The process server noticed a yellow luggage case on the front door mat. There was visible light coming through the peep hole in the unit's front door. The process server waited in the hallway several hours until he was approached by apartment building leasing and janitorial staff and was asked to leave the building hallway. The process server was asked by apartment building staff to wait outside, or in the building lobby to conduct service of process, or the police would be called on the process server for trespassing without authorization. (*Id.*)

**On April 21, 2022 at 03:29 pm:** A different process server returned to the residence address. There was again no answer at the residence address. A yellow suitcase (likely the same from the previous service attempt) was at the front door and light was shining through the peephole. The process server knocked and rang the subject unit doorbell several times without any answer, sound or movement. (Fernandez Decl.)

1  **On April 25, 2022 at 09:56 am:**  Another process server attempted to return to the residence address, but could not gain access to the apartment complex.  (Cantu Decl.)

**On April 28, 2022 at 10:00 am:**  The process server who made the attempt on April 15 returned to the address, knocked on the door and rang the doorbell several times, but there was no answer.  The process server then spoke with the apartment complex's assistant manager, who informed the process server that Mr. Chen moved out of the apartment on April 23, 2022.  (Borquez Decl.)

To be certain that Chen had really vacated the apartment at 650 E. Capitol Avenue, the private investigator returned there on 5 further occasions on May 20, 24, and 28, and June 3 and 10. (Lilly Decl. ¶¶ 4-9.)  There was no answer at the apartment except on the last occasion, on June 10, 2022, when the occupant answered the door and stated that Chen "moved out some time ago no forwarding." (*Id*.)

The private investigator conducted further investigation as to Chen's address by database searches and field canvassing of previous addresses and former neighbors. (Lilly Decl. ¶ 10.)  He also tried calling the same telephone number he had called in April 2022 to verify the 650 E. Capitol Avenue address, but nobody answered. (*Id*.)  None of the searches and canvassing of contacts resulted in a new address for Chen. (Lilly Decl. ¶¶ 10-11.)

These efforts make clear that Mr. Chen is avoiding service.  Plaintiffs need additional time to determine if they can serve Mr. Chen personally at any additional potential addresses or if they will need to proceed with filing a motion for service by publication.

Plaintiffs have set forth with particularity the reasons for the requested enlargement with the efforts described above.  (Local Rule 6-3(a)(1)).  In the context of this request, there are no responding parties with whom to discuss a stipulation regarding the request for extension of time.  (Local Rule 6-3(a)(2)).[1]

---

[1] Plaintiffs' counsel has twice asked Paul Hastings LLP, the attorneys who represent the Defendants who have already been served in this action – Translucence, Fisch, Lu, Bünz, and McCarty – whether Paul Hastings LLP would accept service on behalf of Defendant Binyi Chen, but Paul Hastings LLP has indicated on both occasions that they are not currently representing or authorized to accept service for Mr. Chen. Hansen Decl., ¶ 3.

| MOTION FOR ENLARGEMENT OF TIME UNDER FRCP 6(B) | 4 | Case No.: 4:21-cv-09152-JST |

If Plaintiffs are not granted this extension, they will be substantially harmed or prejudiced in being able to proceed with their claims against Defendant Chen. (Hansen Decl., ¶ 4.) Further, there is no harm or prejudice to Defendant Chen. (*See* Local Rule 6-3(a)(3)). Indeed, Plaintiffs anticipate that Defendant Chen will likely coordinate with his co-defendants in this case. Defendants Translucence, Fisch, and McCarty have moved to dismiss the present Complaint. [Dkt. No. 26]. The only prior motions for continuance thus far in this action are (i) a motion for an order setting a single response date of March 18, 2022 for those three defendants (Dkt. No. 13 filed on February 10, 2022, and not opposed by Plaintiffs), (ii) Plaintiffs' two motions requesting an extension of time to serve the summons and Complaint (Dkt. Nos. 17, 18, 36, and 38), (iii) the Stipulation and Joint Request to Continue Case Management Conference and Related Deadlines (Dkt. Nos. 20 and 21), (iv) the Stipulation Extending Defendant Benedikt Bünz's Time to Respond to the Complaint (Dkt. No. 37), and (v) the Stipulation and Joint Request to Continue Case Management Conference and Related Deadlines (Dkt. Nos. 40 and 41). (Local Rule 6-3(a)(5)). Finally, Plaintiffs do not believe the requested time modification would have any material effect on the schedule of the case, as no trial date has been set. (Local Rule 6-3(a)(6)). Plaintiffs respectfully submit that they have demonstrated good cause for their requested 60-day extension of time to serve Chen.

## CONCLUSION

Plaintiffs respectfully request that this Court grant Plaintiffs' request for an order extending the time to effect service upon Defendant Binyi Chen pursuant to Rule 6(b) for an additional 60 days from the date the Court grants the motion.

DATED: July 8, 2022                     HANSEN LAW FIRM, P.C.

By: _____/s/ Craig A. Hansen_____
              Craig A. Hansen

Attorneys for Plaintiffs
Temujin Labs Inc., a Delaware corporation, and
Temujin Labs Inc., a Cayman Islands corporation.