Jingjing Ye (Admitted Pro Hac Vice)
Email: yelaw@pm.me
YE & ASSOCIATES, PLLC
3400 N Central Expy Suite 110-132
Richardson, TX 75080
Telephone (469) 410-5232

James Cai (SBN: 200189)
*jcai@sacattorneys.com*
Brian A. Barnhorst (SBN: 130292)
*bbarnhorst@sacattorneys.com*
Jackson D. Morgus (SBN: 318453)
*jmorgus@sacattorneys.com*
Woody Wu (SBN: 309317)
*wwu@sacattorneys.com*
SAC ATTORNEYS LLP
1754 Technology Drive, Suite 122
San Jose, CA  95110
Telephone: (408) 436-0789

*Attorneys for Temujin Labs, Inc., a Delaware Corporation, and Temujin Labs Inc., a Cayman Islands Corporation*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TEMUJIN LABS INC., a Delaware Corporation, and TEMUJIN LABS INC., a Cayman Islands Corporation,<br><br>PLAINTIFF,<br><br>v.<br><br>TRANSLUCENCE RESEARCH, INC., a Delaware corporation, BENJAMIN FISCH, CHARLES LU, BENEDIKT BÜNZ, NATHAN MCCARTY, FERNANDO KRELL, PHILIPPE CAMACHO CORTINA, BINYI CHEN, AND LUOYUAN (ALEX) XIONG, and DOES 1-20, inclusive,<br><br>DEFENDANTS. | Case No. 5:21-CV-09152<br>Filed: November 24, 2021<br><br>**PLAINTIFF'S CASE MANAGEMENT STATEMENT**<br><br>Date:        February 1, 2023<br>Time:        1:00 p.m.<br>Courtroom:   Courtroom 5 – 4th Floor<br>Judge:       Hon. Nathanael Cousins |

The parties to the above-entitled action submit this Case Management Statement pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California.

## 1. Jurisdiction and Service

This Court possesses subject matter jurisdiction over the federal trade secret claim pursuant to 18 §USC 1836 et seq. and 28 U.S.C.§1331. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367. Personal jurisdiction is proper as to each Defendant because: (1) each Defendant purposefully availed themselves of the benefits of the State of California; (2) the controversy is related to and arises out of their contacts with the State of California; and (3) the assertion of personal jurisdiction comports with fair play and substantial justice.

Defendants Fernando Krell, Philippe Camacho Cortina, and Luoyuan (Alex) Xiong have not been served. FRCP 4(m) states in part that "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, that subsection goes on to say "but if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) **does not apply to service in a foreign country** under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A)." Here, the unserved defendants Krell, Cortina, and Xiong are all in a foreign country. Plaintiff will is procuring evidence that these defendants are in a foreign country and will provide it to the Court prior to and at the upcoming Case Management Conference. Therefore it is Plaintiff's position that Defendants Krell, Cortino, and Xiong should not be dismissed under FRCP Rule 4(m).

## 2. Relevant Factual Background

Plaintiffs Temujin Delaware and Temujin Cayman (collectively, "Temujin") together comprise a successful financial technology business developing and using software products and technology. Defendants are (1) a company established by several former employees and consultants to Temujin Delaware, (2) a former consultant and Chief Technical Officer of Temujin Delaware, (3) a former employee and Chief Executive Officer of Temujin Delaware, (4) a former

consultant and Chief Scientific Officer of Temujin Delaware, and (5) other former employees, consultants, and advisors to Plaintiffs.

Plaintiffs are informed and believe, and based thereon allege, after the untimely death of Temujin's co-founder John Powers in July 2020, the individual Defendants Lu, Fisch and Bünz hatched a plan to steal and transfer intellectual property created, owned, licensed by or otherwise belonging to Temujin Delaware to an entity that they would later own and control, which turned out to be Defendant Translucence Research, Inc. ("Translucence"). In connection with that plan, they took advantage of their executive offices in Temujin Delaware, and the prestige and authority associated with them, and conspired among themselves and with others to destroy the credibility of the surviving co-founders, defame the very technology they were hired to create, unlawfully open source highly sensitive Temujin codes, stir fear and foster mistrust among rank-and-file.

After shaking Temujin Delaware to the core, Lu, Fisch and Bünz quit Temujin and incorporated Defendant Translucence the next day. Thereafter, Defendant Translucence together with the individual Defendants Lu, Fisch and Bünz have continued to conspire and scheme together in conjunction with the other individual Defendants McCarty, Krell, Camacho, Chen, and Xiong, and others, to further obstruct, disrupt and interfere with Plaintiffs' business, including to (a) further spread frivolous and false claims regarding Plaintiffs, their business, technology, property, and personnel, (b) misappropriate Plaintiffs' trade secrets, (c) interfere with contracts and agreements between Plaintiffs and third parties, and (d) interfere with and obstruct Plaintiffs' relationships with investors and business partners, which have caused and continue to cause substantial harm to Plaintiffs. 4. This is a case of predatory and predaceous corporate behavior, motivated by naked and objectional greed of Lu, Fisch and Bünz, via depraved and unscrupulous methods, and loomed on the backdrop of misogyny. Plaintiffs are entitled to injunctive relief redressing these wrongs, as well as monetary, exemplary, and punitive damages.

**3.    Legal Issues**

Plaintiff anticipates the following disputed points of law, among others, will arise in this case:

- Whether Defendants are liable for trade secret misappropriation and misuse under 18 U.S.C. §1836 Et Seq.;
- Whether Defendants are liable for trade secret misappropriation and misuse under Cal Civ Code §§3426 Et Seq.;
- Whether Defendants are liable for trade libel;
- Whether Defendants are liable for intentional interference with prospective economic advantage;
- Whether Defendants are liable for unfair competition under Cal. Bus. & Prof. Code §§17200 et seq.;
- Whether Defendants are liable for civil conspiracy;
- Whether Plaintiffs are entitled to declaratory relief, damages and injunctive relief;

**4. Motions**

| MOVING PARTY | MOTION | STATUS |
|---|---|---|
| Defendants Translucence, Fisch, and McCarty | Motion to Change Time | Granted 2/15/22 |
| Plaintiffs | Motion for Enlargement of Time | Granted 2/16/22, 5/9/2022, 9/23/22 |
| Defendants | Motion to Dismiss Complaint, or in the Alternative, to Stay Case | Pending |

Plaintiff does not plan to bring an additional motion at the current time. Plaintiff anticipate that the filing of discovery and pre-trial motions may arise and will do so during the course of the proceedings.

**5. Amendment of Pleadings**

Plaintiff is currently investigating whether it will be necessary to name additional Defendants, and reserves the right to seek leave to amend the pleadings further to do so, or if newly discovered evidence emerges.

**6. Evidence Preservation**

Counsel for the parties have met and conferred about the preservation of evidence relevant to the issues reasonably evident in these actions. The parties additionally certify that the parties have reviewed the Guidelines for the Discovery of Electronically Stored Information, understand their preservation obligations, and have implemented document preservation protocols.

**7.  Disclosures**

Initial disclosures have not yet been exchanged. Plaintiff requests that initial disclosures be made following a reasonable time mutually agreeable by the parties following ruling on the pending Motion to Dismiss/Stay.

**8.  Discovery**

Little to no substantive discovery has taken place in this matter. No discovery has taken place in the Federal cases. In the state cases, as discussed *infra,* the discovery has been limited in scope to identity issues which are distinctive from and not relevant to this case. This issue of identity and the discovery issues related thereto has held up all state court proceedings with no sign of letting up, as well as to issues relating to potential mediation.

Plaintiff provides the following information in connection with the Rule 26(f) Report:

a. Proposed Changes to Rule 26(a)(1) Disclosures

   i. Initial disclosures have not yet taken place.

   ii. No changes to the standard requirements are necessary.

b. Scope and Subjects of Discovery

   i. Without prejudice to their rights to seek discovery on any relevant issues, the Plaintiff contemplates that they will need and seek discovery concerning all factual, evidentiary, and legal support from the Defendants and any relevant non-party regarding the Plaintiff's' claims and theories of liability and damages.

   ii. Plaintiff contemplates that the Defendants will seek discovery concerning the basis of the Plaintiff's claims, theories of liability and damages, the Defendants' defenses to each, and any and all factual, evidentiary, and legal support.

      iii.    The anticipated method of future discovery will include: (1) written discovery in the form of Interrogatories, Requests for Admissions, and Requests for Production of Documents; (2) written discovery via issuance of subpoenas to third parties; (3) oral depositions of Plaintiff, Defendants, Defendants' employees, agents, and "person(s) most knowledgeable" under Rule 30(b)(6); and (4) oral depositions via consent or issuance of subpoenas to third parties.

      iv.    Case Plaintiff respectfully submits that no limitations or phases should be imposed on conducting written discovery or depositions. Plaintiff submits that the parties should be permitted to serve written discovery, as well as take depositions, at any time following the initial case management conference.

      v.    Supplementations under Rule 26(e) are due in reasonable time after material, relevant facts are learned, or by court order.

      vi.    Discovery deadlines shall be set by the Court.

c.  <u>Issues Relating to Electronically Stored Information</u>

      i.    Plaintiff does not anticipate any issues relating to disclosure or discovery of electronically stored information.

      ii.    The parties will address any such issues in the event they arise.

d.  <u>Procedures for Resolving Disputes Regarding Claims of Privilege</u>

      i.    Rule 26(b)(5) should apply to any claims of privilege or protecting materials asserted as being for trial-preparation.

      ii.    Plaintiff respectfully requests that this proposed procedure be adopted within the Court's further orders.

e.  <u>Other Orders</u>

None at this time.

f.  <u>Changes in Discovery Limitations</u>

      i.    Plaintiff anticipates that it will need more than ten (10) depositions, as well as an additional ten (10) interrogatories, making a total of 35, because of the numerous defendants, complexity of issues and extensive scheme carried out

by Defendants. These limitations may need to be revisited if Plaintiff's Complaint is further amended and other parties are added.

    ii.    Otherwise, Plaintiff does not currently anticipate any other changes to the limitations on discovery proposed by the Federal Rules of Civil Procedure, but reserves the right to seek appropriate relief and modifications to the discovery limitations from the Court if necessary.

**9.**    **Class Actions**

Not applicable.

**10.**    **Related Cases**

Plaintiff submits that the following cases are tangentially relevant:

- *Temujin Labs Inc. (Delaware) v. Franklin Fu*, Santa Clara County Superior Court, Case No. 21CV375422;
- *Temujin Labs Inc. (Delaware) v. Ariel Abittan, Benjamin Fisch, and Charles Lu, and Does 1-10, inclusive*, Santa Clara County Superior, Case No. 20CV372622

While there are a number of cases which various parties are involved in and which some have contended are related to this case, Plaintiff contends that they are distinctive and distinguishable to the extent that they do not rise to the level of "related."

On November 6, 2020, Temujin Delaware filed a state court action in Santa Clara County Superior Court against three defendants – Ariel Abittan, Benjamin Fisch, and Charles Lu – alleging causes of action for declaratory relief, civil conspiracy, tortious interference, breach of contract, trade secret misappropriation under Cal. Civ. Code §§ 3426 et seq., violation of Cal. Penal Code 502(c), conversion, breach of fiduciary duty, and damages and injunctive relief (the "State Court Action"). On November 24, 2021, Plaintiffs filed this action against Translucence, Fisch, Lu, Bünz McCarty, Krell, Cortina, Chen, and Xiong alleging causes of action for trade secret misappropriation and misuse under 18 U.S.C. § 1836 et seq., trade secret misappropriation under Cal. Civ. Code §§ 3426 et seq., trade libel, intentional inference with contractual relations, intentional interference with prospective economic advantage, unfair competition, civil conspiracy, and declaratory relief and injunctive relief.

The State Court Action asserts causes of action for breach of contract, violation of Cal. Penal Code § 502(c), conversion, and breach of fiduciary duty. None of those causes of action are asserted in this case. Further, as stated above, in this case, Plaintiffs assert causes of action for DTSA, trade libel, and unfair competition, none of which are asserted in the State Court Action. Additionally, in this case, Plaintiffs named nine defendants, only two of whom happen to be defendants in the State Court Action – Fisch and Lu. Much of the focus of the complaint in the State Court Action is on Fisch and Lu's breaches of their agreements to Temujin Delaware while they were working for Temujin Delaware, which are not specifically at issue here. Such breaches include, for example, Lu's refusal to provide credentials to access Temujin Delaware's various social media accounts, including Twitter, Youtube, Medium, Telegram, and Discord (*see* Complaint at ¶¶ 28-30). In sum, while the State Court Action is premised upon the past harm Lu and Fisch caused to Plaintiffs while with Temujin Delaware, the Complaint here seeks relief based upon the continuing and future harm that the various defendants, including new Defendants Translucence, Bünz, McCarty, Krell, Cortina, Chen, and Xiong are causing to the Plaintiffs. As discussed *infra,* the state actions are already bogged down with preliminary issues that show no signs of resolution. Substantial resources have been expended bringing defendants into this federal action, which will have been wasted if the federal action is stayed or dismissed. Further, to stay or dismiss the Federal Actions would not serve the interests of justice or judicial economy as the cases are distinguishable from one and other as they deal with different issues and different parties, and seeking to have them litigated together would only serve to further confuse the state court action.

**11.   Relief**

Plaintiff requests the following relief:

1. That Defendants, and all other persons acting in active concert or privately or in participation with Defendants, be temporarily, preliminarily, and permanently enjoined from the wrongful acts and conduct set forth above;
2. That the Plaintiff receive such other injunctive relief as they may request and the Court may deem just and proper;

3. For declaratory relief, stating and confirming that Plaintiffs' information and property misappropriated and misused by Defendants are the exclusive property of Plaintiffs and that neither Defendants nor any third parties are entitled to use that information and property without Plaintiffs' authorization.

4. For an order requiring the Abittan Case Defendants to disgorge profits earned from their unlawful conduct;

5. For an award of compensatory, special, incidental and consequential damagesn according to proof at trial;

6. For punitive and exemplary damages to the extent permitted by law;

7. For recovery of the unjust enrichment obtained by Defendants as a result of their wrongful conduct;

8. For costs of suit, and prejudgment and post judgment interest, and reasonable attorneys' fees to the extent permitted by contract or by operation of law; and

9. For such other and further relief as the Court deems just and proper.

**12. Settlement and ADR**

Plaintiffs believe it is premature to discuss or select any particular ADR at this time.

**13. Consent to Magistrate Judge for All Purposes**

All parties have consented to proceeding before a Magistrate Judge for all purposes.

**14. Other References**

None.

**15. Narrowing of Issues**

The parties respectfully submit that it is premature to consider agreement to narrow issues for trial or to expedite the presentation of evidence at trial. The parties respectfully submit that it would be inappropriate to bifurcate any issues, claims, or defenses at this time.

**16. Expedited Trial Procedure**

The parties respectfully submit that this case is not appropriate for proceedings pursuant to the expedited trial procedure of General Order No. 64, Attachment A.

**17. Scheduling**

On November 26, 2021, the Court set the Initial Case Management Conference and ADR Deadlines, all of which have passed. No further scheduling order has been issued.

**18.    Trial**

Plaintiffs has demanded jury trial of their claims against the respective Defendants.  The parties respectfully submit that it is premature to estimate an expected length of the trial.

**19.    Disclosure of Non-Party Interested Entities or Persons**

Plaintiff has filed a Certificate of Interested Entities or Persons on November 24, 2021.

**20.    Professional Conduct**

All attorneys of record for the parties can certify that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21.    **Other Matters**

Since the events detailed herein, Temujin has been subject to an onslaught of defamatory statements and unfounded criticism, much of it from anonymous sources. Plaintiff is informed and believes that this unfounded pejorative conduct may be related to the Defendants in this case.

**SANTA CLARA COUNTY ACTIONS:**

This court has requested update as to the status of Santa Clara County Case Nos. 21CV375422 and 20CV372622. At a case management conference on January 19, 2022, the Hon. Sunil R. Kulkarni ordered the following:

1.    Temujin, and individual cross Defendants in those matters have filed a motion regarding the confidentiality of certain documents produced. The hearing on the Confidentiality Designation Motion is to take place no later than February 17. Parties are to meet and confer to designate a briefing schedule by no later than January 27.

2.    Parties are to meet and confer as to any additional documents or relief that Plaintiff requires within the scope of mediation discovery by January 27, and request an informal discovery conference if necessary no later than February 17.

3.    Identity depositions, which were previously required to be taken by September 6, 2022, but have not been be completed by 4/14.

     4. Parties are to file a joint status report as to the discovery issues on January 27, and shall indicate at that time if an IDC is needed.

     5. Mediation is to take place by June 16, 2023.

Dated: January 25, 2023

                          Respectfully Submitted,

                          */s/ James Cai*
                          James Cai
                          Brian A. Barnhorst
                          Jackson D. Morgus
                          SAC ATTORNEYS, LLP
                          *Counsel for Temujin Labs Inc., a Delaware Corporation and Temujin Labs Inc., a Cayman Islands Corporation*