1
2
3
4
5
6
7
8                            UNITED STATES DISTRICT COURT

9                          NORTHERN DISTRICT OF CALIFORNIA

10

11

12    TEMUJIN LABS INC. (Delaware and Cayman       Case No. 21-cv-09152 NC

      Islands Corporations),                       **ORDER REOPENING**
13                                                  **STAYED CASE,**
                      Plaintiffs,                   **REQUESTING**
14                                                  **REASSIGNMENT TO**
                  v.                                **DISTRICT COURT JUDGE**
15                                                  **WITH RECOMMENDATION**
      TRANSLUCENCE RESEARCH, INC., and              **TO DISMISS AND**
16    others,                                       **TERMINATE CASE**

17                    Defendants.                   Re: ECF 93

18

19

20          This Order reopens a stayed civil case and reassigns it to a District Court Judge with

21    a recommendation to then dismiss it.  Such a complex maneuver must start with a

22    procedural history.  Then the Order will explain why the case must be reassigned to a

23    District Court Judge without the full consent of all parties to the jurisdiction of a

24    Magistrate Judge under 28 U.S.C. § 636(c).  And then finally the Order will explain why

25    the Court recommends vacating the stay and dismissing the case.

26    **I.      PROCEDURAL HISTORY**

27          This trade secret misappropriation case was filed in November 2021 by Plaintiffs

28    Temujin Labs Inc. (Delaware Corp.) and Temujin Labs Inc. (Cayman Islands Corp.),

1    transferred by District Court Judge Jon Tigar to me in October 2022, and has been stayed

2    since January 31, 2023, in deference to a substantially similar parallel Santa Clara County

3    Superior Court case entitled *Temujin Labs, Inc. v. Abittan*, et al., Case No. 20-cv-372622.

4    ECF 65 (Order granting stay pursuant to *Colorado River Water Conservation Dist. v.*

5    *United States*, 424 U.S. 800 (1976)).

6        Now presented to the Court is the Defendants' motion to vacate the stay and then to

7    strike the complaint and dismiss the case because Plaintiffs, corporate entities, are no

8    longer represented by counsel and have failed to participate and prosecute the case as

9    required by Federal Rule of Civil Procedure 41(b).  ECF 93.  Plaintiffs did not oppose the

10   motion and did not appear at the January 22, 2025, video hearing.  Indeed, Plaintiffs have

11   not participated in this case in any way since their (now) former attorneys moved to

12   withdraw on October 21, 2024.  ECF 75.

13       On October 22, 2024, the Court issued an Order warning the Plaintiffs (who were

14   notified by their counsel) that a corporation must be represented by an attorney who is a

15   member of the Bar of this Court.  N.D. Cal. Civil L.R. 3-9(b).  ECF 76.  And that as a

16   result, the Plaintiffs in this case (corporate entities), may not represent themselves.  The

17   Court cautioned that if the motion to withdraw was granted and no new counsel appears, a

18   likely next consequence is that the "complaint will be stricken and the case dismissed."

19   ECF 76.  Plaintiffs did not oppose the motion to withdraw or appear through new counsel

20   or an agent at the December 4, 2024, hearing on the motion to withdraw.  ECF 89.  The

21   Court conditionally granted the motion to withdraw on December 4, 2024, and then

22   confirmed the complete withdrawal on December 17, 2024.  ECF 89, 92.

23   **II.    REASSIGNMENT TO A DISTRICT COURT JUDGE**

24       Under 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(a) a United States Magistrate

25   Judge may conduct all proceedings in a civil matter upon the consent of "all parties." *See*

26   *Williams v. King*, 875 F.3d 500, 503-04 (9th Cir. 2017) (all parties must consent in order

27   for jurisdiction with the magistrate judge to be satisfied pursuant to 28 U.S.C. § 636(c)(1)).

28   Here, not all parties have consented to the jurisdiction of a magistrate judge under §

1    636(c)(1).  Defendants Fernando Krell and Philippe Camacho Cortina have not been

2    served with the complaint, have not appeared, and have not consented to the jurisdiction of

3    a magistrate judge.  Because Defendants in ECF 93 request dismissal of the case, this

4    Order therefore requests reassignment to a District Court Judge with recommendation

5    made under Fed. R. Civ. P. 72(b) and N.D. Cal. Local Rule 72-3.  Any party may file and

6    serve written objections to this recommendation but must do so within 14 days of being

7    served with this recommendation.  Fed. R. Civ. P. 72(b)(2); N.D. Cal. Local Rule 72-3.

8           **III.    ORDER TO VACATE STAY**

9           Next, this Order vacates the stay of the case that was granted under the *Colorado*

10   *River* abstention doctrine.  ECF 65.  Moving defendants show good cause to vacate the

11   stay.  Plaintiffs are no longer represented in this case, have failed to participate and

12   prosecute the case, and Defendants are moving for dismissal.  Additionally, Defendants

13   reported at the hearing that the parallel state court case has been dismissed after the

14   lawyers for Temujin also withdrew in that case.  Plaintiffs did not oppose the motion to

15   vacate the stay and were warned in the October 22, 2024, Order of the likely consequences

16   if they did not appear through new counsel.  ECF 76.  The Court therefore vacates the stay.

17          **IV.    RECOMMENDATION TO DISMISS CLAIMS AGAINST KRELL**

18          **AND CORTINA WITHOUT PREJUDICE UNDER RULE 4**

19          This Order recommends dismissal of the claims against defendants Fernando Krell

20   and Philippe Camacho Cortina without prejudice under Fed. R. Civ. P. 4(m).  There is no

21   record evidence that these defendants were ever served with the complaint and summons.

22   They have not appeared.  The time limit for service under Rule 4 passed years ago.

23   Plaintiffs have not requested an extension for service.  Accordingly, this Order

24   recommends dismissal of the claims against Krell and Cortina without prejudice for failure

25   to serve.

26

27

28

United States District Court
Northern District of California

3

United States District Court
Northern District of California

## V.    RECOMMENDATION TO DISMISS ALL CLAIMS AGAINST REMAINING DEFENDANTS WITH PREJUDICE UNDER RULE 41(b) FOR FAILURE TO PROSECUTE AND COMPLY WITH RULES

Finally, this Order considers the moving Defendants' unopposed request for involuntary dismissal under Fed. R. Civ. P. 41(b).  Under Rule 41(b), if the plaintiff fails to prosecute or to comply with "these rules" or a court order, the defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this rule operates as an adjudication on the merits.  Fed. R. Civ. P. 41(b).

Dismissal is appropriate for two reasons.  First, the Temujin corporations have violated the Court's order and the Civil Local Rules of this Court that they appear through counsel.  "It is a longstanding rule that corporations . . . must appear in court through an attorney." *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973–74 (9th Cir. 2004).  Moreover, "Courts in the Ninth Circuit have repeatedly held that a corporation's continued failure to secure counsel justifies dismissal of its claims." *Degla Grp. for Investments, Inc. v. BoConcept USA, Inc.*, Case No. 09-cv-05278 MMM (AGRx), 2011 WL 13187266, at *3 (C.D. Cal. Aug. 3, 2011).  Civil Local Rule 3-9(b) specifically requires that "A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court."  Plaintiffs were warned in writing of the consequences (ECF 76, 89) for failure to be represented, and have not responded for more than three months.  Inadvertence does not seem likely, as their counsel in the parallel state court action has also withdrawn.

Second, the Plaintiffs have failed to prosecute.  They did not appear at the December 4, 2024, hearing, as ordered (ECF 76), and did not respond to their own counsels' motions to withdraw (ECF 75, 77) or to the Defendants' motion to vacate the stay and dismiss (ECF 93).  Dismissal for failure to prosecute requires "unreasonable delay" and consideration of five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

4

1    defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

2    availability of less drastic alternatives." *Brite Smart Corp. v. Google, Inc.*, Case No. 15-cv-

3    03962 BLF, 2016 WL 1070667, at *2 (N.D. Cal., Mar. 18, 2016) (citations omitted).

4    Here, the first three factors favor dismissal and the last two factors favor waiting to see if

5    the Plaintiffs will respond.  At bottom, given the Courts' repeated warnings, three months

6    without response by Plaintiffs, the withdrawal by three sets of counsel for Plaintiffs, and

7    the dismissal of the parallel state case after withdrawal by Plaintiffs' counsel, this Order

8    finds that dismissal now is recommended for "unreasonable delay."  Under Rule 41(b), the

9    recommended dismissal is with prejudice and operates as an adjudication on the merits.

10    **VI.   CONCLUSION**

11        This Order requests reassignment of the case to a District Court Judge, with a

12    recommendation to vacate the stay; to dismiss the claims against defendants Krell and

13    Cortina without prejudice for failure to serve under Rule 4; and to dismiss the claims

14    against the remaining defendants with prejudice under Rule 41(b) for violating court rules

15    and orders and failure to prosecute.  Any party may file and serve written objections to this

16    recommendation but must do so within 14 days of being served with this recommendation.

17    Fed. R. Civ. P. 72(b)(2); N.D. Cal. Local Rule 72-3.  If no party objects, the District Court

18    Judge is urged to enter Judgment for defendants consistent with this Order and to terminate

19    the case.

20        **IT IS SO ORDERED.**

21

22    Dated: January 23, 2025                  _____

23                             NATHANAEL M. COUSINS
                            United States Magistrate Judge

24

25

26

27

28

United States District Court
Northern District of California